**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, JOHN DOE 1, REGAN V. KIBBY, and DYLAN KOHERE, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 17-cv-1597 (CKK) |
| v. | ) ) | |
| DONALD J. TRUMP, in his official capacity as President of the United States; JAMES N. MATTIS, in his official capacity as Secretary of Defense; JOSEPH F. DUNFORD, JR., in his official capacity as Chairman of the Joint Chiefs of Staff; the UNITED STATES DEPARTMENT OF THE ARMY; RYAN D. MCCARTHY, in his official capacity as Secretary of the Army; the UNITED STATES DEPARTMENT OF THE NAVY; RICHARD V. SPENCER, in his official capacity as Secretary of the Navy; the UNITED STATES DEPARTMENT OF THE AIR FORCE; HEATHER A. WILSON, in her official capacity as Secretary of the Air Force; the UNITED STATES COAST GUARD; ELAINE C. DUKE, in her official capacity as Secretary of Homeland Security; the DEFENSE HEALTH AGENCY; RAQUEL C. BONO, in her official capacity as Director of the Defense Health Agency; and the UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFFS' RESPONSE TO THE COURT'S SEPTEMBER 1, 2017 ORDER

By Order dated September 1, 2017, the Court directed the parties to "indicat[e] their positions as to whether the Court's consideration of Plaintiffs' preliminary injunction application should be consolidated with its final determination on the merits of the case." In response to that Order, Plaintiffs state as follows:

1

Plaintiffs' Application for a Preliminary Injunction (the "Application") seeking to enjoin Defendants from implementing President Trump's directive to bar transgender people from the military ("the Ban") should be consolidated with a hearing on the merits so long as final judgment in the case issues before the effective date of the President's directive to separate currently serving transgender service members—March 23, 2018.  In addition, as a result of the ban on accessions currently in place and the military's decision to deny reenlistment to transgender service members and to halt certain transition-related medical care, certain Plaintiffs are suffering irreparable injuries requiring this Court's immediate intervention on the calendar currently in place for the preliminary injunction.

First, Jane Doe 1's and John Doe 1's military health care providers have informed them that as a result of the Ban, they cannot undergo urgently needed surgeries.  Second, despite repeated attempts to do so, Jane Doe 4 has been unable to reenlist, which she must do to ensure that she can achieve the two years of additional service she needs to meet her twenty-year mark.  Third, on the same day that Plaintiffs filed the Application, the commanding officer in charge of the ROTC program at Dylan Kohere's school told him that he cannot participate in ROTC activities because he is transgender.  *See* Jane Doe 1 Decl. ¶¶ 24-25; John Doe 1 Decl. ¶ 24; Jane Doe 4 Decl. ¶¶ 16-17; *see also* Plaintiffs' Notice of Request for Expedited Hearing (Dkt. No. 14).  Immediate intervention is needed to stop these harms pending resolution on the merits.  Although all Plaintiffs are suffering irreparable injury from the ongoing deprivation of their constitutional rights, these particular Plaintiffs are suffering injuries requiring an immediate remedy that cannot await even a relatively brief delay in order to consolidate the Application with proceedings on the merits.

In short, while Plaintiffs support consolidating the Court's consideration of much of the Application with adjudication of Plaintiffs' claims on the merits, they respectfully submit that (1) the above-mentioned relief for these four Plaintiffs should be granted on the calendar currently in place for the preliminary injunction, and (2) the schedule for consolidated resolution of the remainder of the Application and the merits of Plaintiffs' claims should be expedited for resolution before March 23, 2018.

One final point bears mention.  Based on Defendants' response to the Court's September 1 Order, the Government evidently contends that this challenge is premature because, in Defendants' view, the President's directive does little more than require the Secretary of Defense and the Secretary of Homeland Security to study the issue of transgender military service and present a recommendation to the President.  That position disregards both the text of the President's August 25, 2017 memorandum and the steps that the military has already taken against Plaintiffs and others, including prohibiting transgender students from participating in ROTC programs, preventing transgender service members from reenlisting, and cancelling medically necessary surgeries as directed by the Defense Health Agency in August 2017.  The President's August 25, 2017 memorandum prohibits new enlistments indefinitely and sets a date certain—March 23, 2018—on which the United States will reinstate the policy "on military service by transgender individuals that was in place prior to June 2016," rendering all currently serving transgender military personnel categorically ineligible for continued service.  *See* Military Service by Transgender Individuals, 82 Fed. Reg. 41,319, 41,319 (Aug. 30, 2017).  The memorandum instructs the Secretaries of Defense and of Homeland Security to submit "a plan for implementing" that ban, including "how to address transgender individuals currently serving in the United States military."  *Id.*

Contrary to the Defendants' position, nothing in the Memorandum gives the Secretaries authority to reject the President's directive; rather, at most, it gives them a measure of discretion as to how to implement the separation of transgender service members once the Ban takes effect.  The statement in the President's memorandum that the Secretaries "may advise [the President] at any time, in writing, that a change to this policy is warranted," 82 Fed. Reg. at 41,319, merely states a truism that has no legal import.  The President can always be advised and potentially persuaded—or not—by his Cabinet members.  The hypothetical possibility that a Secretary might advise a change and that the President might accept it does not render the existing order any less final or susceptible to this Court's review.  *See U.S. House of Representatives v. U.S. Dep't of Commerce*, 11 F. Supp. 2d 76, 92 (D.D.C. 1998) (the mere hypothetical possibility of a change in law or policy does not affect ripeness and is not a proper basis for asking a court "to stay its hand").

September 6, 2017

Claire Laporte (*pro hac vice*)
Matthew E. Miller (*pro hac vice*)
Daniel L. McFadden (*pro hac vice*)
Kathleen M. Brill (*pro hac vice*)
Michael J. Licker (*pro hac vice*)
Rachel C. Hutchinson (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone: 617-832-1000
Fax: 617-832-7000

Jennifer Levi (*pro hac vice*)
Mary Bonauto (*pro hac vice*)
GLBTQ LEGAL ADVOCATES & DEFENDERS
30 Winter St., Ste. 800
Boston, Massachusetts 02108
Telephone: 617-426-1350
Fax: 617-426-3594

Shannon P. Minter (*pro hac vice*)
Amy Whelan (*pro hac vice*)
Christopher F. Stoll (*pro hac vice*)
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market St., Ste. 370
San Francisco, California 94102
Telephone: 415-392-6257
Fax: 415-392-8442

Respectfully submitted,

/s/ Paul R.Q. Wolfson
Paul R.Q. Wolfson (D.C. Bar No. 414759)
Kevin M. Lamb (D.C. Bar No. 1030783)
WILMER CUTLER PICKERING
     HALE & DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Telephone: 202-663-6000
Fax: 202-663-6363

Alan E. Schoenfeld (*pro hac vice*)
WILMER CUTLER PICKERING
     HALE & DORR LLP
7 World Trade Center
250 Greenwich St.
New York, New York 10007
Telephone: 212-230-8800
Fax: 212-230-8888

Christopher R. Looney (*pro hac vice*)
Harriet Hoder (*pro hac vice* pending)
Adam M. Cambier (*pro hac vice*)
WILMER CUTLER PICKERING
     HALE & DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: 617-526-6000
Fax: 617-526-5000

Nancy Lynn Schroeder (*pro hac vice*)
WILMER CUTLER PICKERING
     HALE & DORR LLP
350 S. Grand Ave., Ste. 2100
Los Angeles, California 90071
Telephone: 213-443-5300
Fax: 213-443-5400

Attorneys for Plaintiffs