# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JANE DOE 1, *et al*.,

      Plaintiffs

      v.

DONALD J. TRUMP, *et al*.,

      Defendants

Civil Action No. 17-1597 (CKK)

## ORDER
(October 30, 2017)

For the reasons set forth in the accompanying Memorandum Opinion, it is, this 30th day of October, 2017, hereby

ORDERED that Defendants' [45] Motion to Dismiss is GRANTED-IN-PART and DENIED-IN-PART.  The Court will grant Defendants' motion to dismiss Plaintiffs' claims to the extent they are based on the Sex Reassignment Surgery Directive, corresponding with section 2(b) of the Presidential Memorandum, as well as Plaintiffs' estoppel claim.  Defendants' motion to dismiss is DENIED in all other respects.  It is further

ORDERED that Plaintiffs' [13] Motion for Preliminary Injunction is GRANTED-IN-PART and DENIED-IN-PART.  Plaintiffs' motion for preliminary injunction is DENIED with respect to the Sex Reassignment Surgery Directive.  Plaintiffs' motion for preliminary injunction is GRANTED, however, in that the Court will preliminarily enjoin Defendants from enforcing the following directives of the Presidential Memorandum, referred to by the Court as the Accession and Retention Directives:

> I am directing the Secretary of Defense, and the Secretary of Homeland Security with respect to the U.S. Coast Guard, to return to the longstanding policy and practice on military service by transgender individuals that was in place prior to June 2016 until such time as a sufficient basis exists upon which to conclude that terminating that policy and practice would not have the negative effects discussed above.

Presidential Memorandum § 1(b).

The Secretary of Defense, and the Secretary of Homeland Security with respect to the U.S. Coast Guard, shall . . . maintain the currently effective policy regarding accession of transgender individuals into military service beyond January 1, 2018, until such time as the Secretary of Defense, after consulting with the Secretary of Homeland Security, provides a recommendation to the contrary that I find convincing . . . ."

Presidential Memorandum § 2(a).

The effect of the Court's Order is to revert to the *status quo* with regard to accession and retention that existed before the issuance of the Presidential Memorandum—that is, the retention and accession policies established in the June 30, 2016 Directive-type Memorandum as modified by Secretary of Defense James Mattis on June 30, 2017.

In all other respects, the Presidential Memorandum is not enjoined.  It is further

ORDERED that Plaintiffs are not required to pay a security deposit.  Fed. R. Civ. P. 65(c).  It is further

ORDERED that the parties shall file a Joint Status Report indicating how they propose to proceed in this matter by no later than November 10, 2017.

**SO ORDERED.**

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge