# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, JOHN DOE 1, REGAN V. KIBBY, and DYLAN KOHERE,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; JAMES N. MATTIS, in his official capacity as Secretary of Defense; JOSEPH F. DUNFORD, JR., in his official capacity as Chairman of the Joint Chiefs of Staff; the UNITED STATES DEPARTMENT OF THE ARMY; MARK T. ESPER, in his official capacity as Secretary of the Army; the UNITED STATES DEPARTMENT OF THE NAVY; RICHARD V. SPENCER, in his official capacity as Secretary of the Navy; the UNITED STATES DEPARTMENT OF THE AIR FORCE; HEATHER A. WILSON, in her official capacity as Secretary of the Air Force; the UNITED STATES COAST GUARD; ELAINE C. DUKE, in her official capacity as Secretary of Homeland Security; the DEFENSE HEALTH AGENCY; RAQUEL C. BONO, in her official capacity as Director of the Defense Health Agency; and the UNITED STATES OF AMERICA,<br><br>Defendants. | Civil Action No. 17-cv-1597 (CKK) |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR CLARIFICATION

Plaintiffs oppose Defendants' motion for "clarification" of the Court's October 30, 2017 Order preliminarily enjoining the Accession Directive[1] (the "Order"). *See* Order 1-2, ECF No. 60.

---

[1] Capitalized terms, unless otherwise defined herein, are given the meaning ascribed in the Court's Order and Memorandum Opinion. *See* Order 1-2 (defining the Accession Directive).

By way of relevant background, on June 30, 2016, the Secretary of Defense promulgated DTM 16-005, permitting transgender people to enlist and to be commissioned into service (the "Accession Policy"). The Accession Policy was initially set to go into effect on July 1, 2017, but on June 30, 2017, Secretary of Defense Mattis deferred that date to January 1, 2018. President Trump's August 25, 2017 Accession Directive then indefinitely deferred that effective date. This Court's Order enjoined Defendants—including Secretary Mattis—from enforcing the President's Directive to "maintain the currently effective policy regarding accession of transgender individuals into military service beyond January 1, 2018." Order 2 (quoting Presidential Memorandum § 2(a)). As the Court explicitly directed, "[t]he effect of the Court's Order is to revert to the *status quo* with regard to accession … established in [DTM 16-005] as modified … on June 30, 2017." *Id.* That *status quo* as of June 30, 2017 was that transgender people would be allowed to access into the military on January 1, 2018.

Defendants seek "clarification" of the Court's Order; in particular, they ask the Court to recognize Secretary Mattis's "independent authority to defer the effective date of the accessions" policy beyond January 1, 2018. Mot. 1, ECF No. 67. Defendants' request is both procedurally improper and meritless, and should be denied.

*First*, despite being styled as a request for "clarification," Defendants' motion in fact seeks a substantive modification of the Court's injunction: Whereas the Order directs Secretary Mattis—among the other Defendants—to "revert to the *status quo* with regard to accession … established in [DTM 16-005] as modified … on June 30, 2017," Defendants seek leave to defer the effective date of the Accession Directive. This Court lacks jurisdiction, however, to modify its Order because Defendants have noticed their appeal, divesting the Court of jurisdiction over the substantive content of the injunction. *See, e.g.*, *Barnstead Broad. Corp. v. Offshore Broad.*

*Corp.*, 869 F. Supp. 35, 38 (D.D.C. 1994) (where appeal has been taken from grant or denial of an injunction, district court retains jurisdiction to act only "with respect to matters *not related to the issues involved in the appeal* or when a district court's action would aid in the appeal" (emphasis supplied)).  Because the Court's conclusion that the Accession Directive likely violates the federal Constitution and should be preliminarily enjoined is on appeal, the Court has no jurisdiction to grant Defendants' request to modify it.

Federal Rule of Civil Procedure 62(c) does not change this analysis.  As courts in this District have explained, modification of an injunction and treatment under Rule 62(c) are "proper only when there has been a change of circumstances between the entry of the injunction and the filing of the motion that would render the continuance of the injunction in its original form inequitable." *Fox Television Stations, Inc. v. FilmOn X, LLC*, 968 F. Supp. 2d 134, 140 (D.D.C. 2013).  At most, Rule 62(c) authorizes the court to modify an injunction to "preserve the status quo" or "to clarify the injunction to supervise compliance." *Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 985 F. Supp. 2d 23, 29 (D.D.C. 2013).  Defendants' motion seeks to do neither.  Under the *status quo ante*, transgender people could join the military as of January 1, 2018.  And nothing in Defendants' request would assist this Court in "supervis[ing] compliance."  To the contrary, granting Defendants' request would allow them to evade the clear direction of the Court's injunction.

*Second*, Defendants' request should be denied because the relief they seek is foreclosed by the Court's Order.  The Court ordered Defendants to return to the *status quo* that existed before the President's Directives, including the decision by Secretary Mattis to set January 1, 2018 as the effective date for the accession policy in DTM 16-005. Order 2 ("The effect of the Court's Order is to revert to the *status quo* with regard to accession … established in [DTM 16-

005] as modified … on June 30, 2017."). Under the Court's Order, Secretary Mattis does not retain any "independent authority" to again indefinitely extend the accession ban. To the contrary, like the other Defendants, Secretary Mattis is bound by this Court's Order and, under its plain terms, must preserve the *status quo* that existed before the President's Directive.

Defendants' request also disregards the serious constitutional and other harms caused by the Accession Directive. In issuing the injunction, the Court concluded that Defendants' plan "to prohibit indefinitely the accession of transgender individuals," Memorandum Opinion 2, ECF No. 61, likely violated Plaintiffs' rights under the Fifth Amendment, *see id.* at 58-72. The Court heard—and rejected—Defendants' justifications for extending the ban on accession by transgender people beyond January 1, 2018. *See id.* 64-72. In particular, the Court made clear that Defendants' professed need for further study of the supposed effects of accession and service by transgender people cannot justify current efforts to ban them from military service. *Id.* at 71-72. Allowing the Secretary of Defense to "defer the January 1, 2018 effective date for … accessions" for an unspecified "limited period of time" (Mot. 2) would inflict precisely the same constitutional harm the injunction seeks to prevent.

The Court's Order plainly prohibits Defendants from further extending the effective date of accession by transgender people beyond January 1, 2018. In effect, Defendants are asking the Court to stay that portion of the injunction, but under the standard applicable to motions for clarification rather than the far more exacting standard for the "extraordinary and drastic remedy" of a stay pending appeal. *Munaf v. Geren*, 553 U.S. 674, 678 (2008); *see also Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 199 n.11 (D.D.C. 2005) (noting that the "standards for evaluating a motion for stay pending appeal are substantially the same as those for issuing a preliminary injunction"). Defendants make no effort to meet that burden, nor could they.

For all these reasons, Defendants' motion should be denied. Plaintiffs will be prepared to address this motion at the November 28, 2017 case management conference.

<table>
<tr><td>

November 27, 2017

Claire Laporte (*pro hac vice*)
Matthew E. Miller (*pro hac vice*)
Daniel L. McFadden (*pro hac vice*)
Kathleen M. Brill (*pro hac vice*)
Michael J. Licker (*pro hac vice*)
Rachel C. Hutchinson (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone: 617-832-1000
Fax: 617-832-7000

Jennifer Levi (*pro hac vice*)
Mary Bonauto (*pro hac vice*)
GLBTQ LEGAL ADVOCATES & DEFENDERS
30 Winter St., Ste. 800
Boston, Massachusetts 02108
Telephone: 617-426-1350
Fax: 617-426-3594

Shannon P. Minter (*pro hac vice*)
Amy Whelan (*pro hac vice*)
Christopher F. Stoll (*pro hac vice*)
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market St., Ste. 370
San Francisco, California 94102
Telephone: 415-392-6257
Fax: 415-392-8442

</td><td>

Respectfully submitted,

/s/ Paul R.Q. Wolfson
Paul R.Q. Wolfson (D.C. Bar No. 414759)
Kevin M. Lamb (D.C. Bar No. 1030783)
WILMER CUTLER PICKERING
   HALE & DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Telephone: 202-663-6000
Fax: 202-663-6363

Alan E. Schoenfeld (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE & DORR LLP
7 World Trade Center
250 Greenwich St.
New York, New York 10007
Telephone: 212-230-8800
Fax: 212-230-8888

Christopher R. Looney (*pro hac vice*)
Harriet Hoder (*pro hac vice*)
Adam M. Cambier (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE & DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: 617-526-6000
Fax: 617-526-5000

Nancy Lynn Schroeder (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE & DORR LLP
350 S. Grand Ave., Ste. 2100
Los Angeles, California 90071
Telephone: 213-443-5300
Fax: 213-443-5400

*Attorneys for Plaintiffs*

</td></tr>
</table>