# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| JANE DOE 1, *et al.*, |
|     Plaintiffs |
|     v. |
| DONALD J. TRUMP, *et al.*, |
|     Defendants |

Civil Action No. 17-1597 (CKK)

**ORDER**
(November 27, 2017)

The Court is in receipt of Defendants' [67] Motion for Clarification of the Court's October 30, 2017 Order ("Defs.' Mot."). Defendants seek clarification regarding whether the Court's Order "prohibit[s] the Secretary of Defense from exercising his discretion to defer the January 1, 2018 effective date for the accessions provisions of DTM 16-005 for a limited period of time to further study whether the policy will impact military readiness and lethality or to complete further steps needed to implement the policy." Defs.' Mot. at 2. In other words, Defendants are asking whether the Court's preliminary injunction Order bars the Secretary of Defense from deferring the January 1, 2018 deadline previously established to begin allowing transgender individuals to enlist in the military. Defendants argue that the Court could not "have enjoined the Secretary of Defense from exercising such discretion because Plaintiffs have not challenged the Secretary's exercise of his independent authority to study whether the DTM 16-005 will impact military readiness and lethality." *Id.* Plaintiffs have filed an opposition to Defendants' motion claiming that Defendants are not genuinely seeking a clarification, but are in fact requesting a substantive change to the Court's injunction. Plaintiffs argue that the Court lacks jurisdiction to grant Defendants the relief they seek as a result of Defendants' appeal of the Court's preliminary injunction Order.

The Court's clarification is as follows: In its October 30, 2017 Order, the Court preliminarily enjoined Defendants from enforcing the following directives of the Presidential Memorandum, referred to by the Court as the Accession and Retention Directives:

> I am directing the Secretary of Defense, and the Secretary of Homeland Security with respect to the U.S. Coast Guard, to return to the longstanding policy and practice on military service by transgender individuals that was in place prior to June 2016 until such time as a sufficient basis exists upon which to conclude that terminating that policy and practice would not have the negative effects discussed above.

Presidential Memorandum § 1(b);

> The Secretary of Defense, and the Secretary of Homeland Security with respect to the U.S. Coast Guard, shall . . . maintain the currently effective policy regarding accession of transgender individuals into military service beyond January 1, 2018, until such time as the Secretary of Defense, after consulting with the Secretary of Homeland Security, provides a recommendation to the contrary that I find convincing . . . ."

Presidential Memorandum § 2(a).

The Court explained that the effect of its Order was to revert to the *status quo* with regard to accession and retention that existed before the issuance of the Presidential Memorandum—that is, the retention and accession policies established in the June 30, 2016 Directive-type Memorandum as modified by Secretary of Defense James Mattis on June 30, 2017. Those policies allowed for the accession of transgender individuals into the military beginning on January 1, 2018. <u>Any action by any of the Defendants that changes this *status quo* is preliminarily enjoined.</u>

**SO ORDERED.**

                                                                                 /s/  
                                                        COLLEEN KOLLAR-KOTELLY  
                                                        United States District Judge