# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE 1, *et al.*,<br><br>　　Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>　　Defendants. | Civil Action No. 17-cv-1597 (CKK) |

## DEFENDANTS' PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO PARTIALLY DISSOLVE THE PRELIMINARY INJUNCTION

Defendants move pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for the Court to enter partial judgment on the pleadings and dismiss Plaintiffs' claims against the President. In addition, Defendants move to dissolve the preliminary injunction as to the President only. In support of this motion, the Court is respectfully referred to Defendants' accompanying memorandum of points and authorities.

March 2, 2018

Respectfully Submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Branch Director

ANTHONY J. COPPOLINO
Deputy Director

/s/ *Ryan Parker*
RYAN B. PARKER
Senior Trial Counsel
ANDREW E. CARMICHAEL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 514-4336
Email: ryan.parker@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE 1, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>    Defendants. | Civil Action No. 17-cv-1597 (CKK) |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' PARTIAL MOTION
## FOR JUDGMENT ON THE PLEADINGS AND
## MOTION TO PARTIALLY VACATE THE PRELIMINARY INJUNCTION

## INTRODUCTION

Defendants move pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for the Court to enter partial judgment on the pleadings and dismiss Plaintiffs' claims against President Donald J. Trump. As demonstrated below, the claims against the President should be dismissed because the President is not a proper defendant in this case. Plaintiffs seek the entry of a declaratory judgment and a permanent injunction against all Defendants, including the President. However, as the Supreme Court and the United States Court of Appeals for the District of Columbia Circuit have recognized, the Court may not issue a declaratory judgment or an injunction against the President in his official capacity and in the performance of discretionary actions.

For the same reason, Defendants move to dissolve the preliminary injunction as to the President only. Just as the Court may not issue the requested permanent injunction against the President, the Court may not preliminarily enjoin the President.

## **BACKGROUND**

Plaintiffs raise constitutional challenges to what they contend is a ban on the service of transgender individuals in the military. Am. Compl., ECF No. 9, ¶¶ 89–100. The complaint named, in their official capacities, the President, the Secretary of Defense, the Chairman of the Joint Chiefs of Staff, each of the Services, each of the service Secretaries, the Coast Guard, the Secretary of the Department of Homeland Security, the Defense Health Agency ("DHA"), the Director of DHA, and the United States.[1] *Id.* ¶¶ 41–55. Plaintiffs request that the Court "[i]ssue a preliminary and permanent injunction" against all Defendants "prohibiting the categorical exclusion of transgender people from military service." *Id.* at 18. Plaintiffs also request that the Court "[i]ssue a declaratory judgment that the President's directive to categorically exclude transgender people from military service is unconstitutional." *Id.*

Plaintiffs moved for a preliminary injunction, seeking to enjoin all Defendants—including the President—from "categorical[ly] exclu[ding] . . . transgender people from the military." Pls.' Mem., ECF No. 13, at 39–40. Following briefing on Plaintiffs' motion and Defendants' response and motion to dismiss, the Court issued a preliminary injunction. Order, ECF No. 60. The Court preliminarily enjoined all defendants—including the President—from implementing the accession and retention directives encompassed in the Presidential Memorandum. *Id.* at 1 (stating that "the Court will preliminarily enjoin Defendants from enforcing the following directives of the Presidential Memorandum, referred to by the Court as the Accession and Retention Directives . . . .").

---

[1] On February 14, 2018, the parties filed a stipulation voluntarily dismissing the Coast Guard and the Secretary of the Department of Homeland Security from the lawsuit. *See* Stipulation of Voluntary Partial Dismissal, ECF No. 82.

Defendants filed their answer to the Amended Complaint on December 29, 2017. Answer, ECF No. 78. The pleadings are now closed, and partial judgment on the pleadings is warranted for Defendants under Rule 12(c) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed[,] . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A defendant may move for judgment on the pleadings under Rule 12(c) even if the defendant previously filed a motion to dismiss under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(h)(2)(B), (h)(3); *see also Cmty. Fin. Servs. Ass'n of Am., Ltd. v. Fed. Deposit Ins. Corp.*, No. 14-CV-953 (GK), 2016 WL 7376847, at *14 (D.D.C. Dec. 19, 2016).

A motion for judgment on the pleadings is analyzed under the same standards as a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Douglass v. District of Columbia*, 605 F. Supp. 2d 156, 161 (D.D.C. 2009) (discussing Rule 12(b)(1)); *Maniaci v. Georgetown Univ.*, 510 F. Supp. 2d 50, 58 (D.D.C. 2007) (discussing Rule 12(b)(6)). "Under Rule 12(c), the court must accept the nonmovant's allegations as true and should view the facts in the light most favorable to the nonmovant." *Bowman v. District of Columbia*, 562 F. Supp. 2d 30, 32 (D.D.C. 2008) (citing *Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1, 7 (D.D.C. 1995)). "The court should grant a motion for judgment on the pleadings if the movant 'is entitled to judgment as a matter of law.'" *Id.* (quoting *Burns Int'l Sec. Servs. v. Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1995)).

## ARGUMENT

Although Plaintiffs allege claims against the President, he is not a proper defendant in this case. Plaintiffs may not obtain—and the Court may not order—injunctive or declaratory

relief directly against the President for his official conduct.  Therefore, the Court should dismiss all of Plaintiffs' claims against the President.

To maintain the constitutional separation of powers, courts have long recognized that the non-ministerial conduct of the President when he acts in his official capacity cannot be enjoined. In *Mississippi v. Johnson*, the Supreme Court held that it had "no jurisdiction of a bill to enjoin the President in the performance of his official duties."  71 U.S. at 501.  In that case, the State of Mississippi sought to enjoin President Andrew Johnson from executing the Reconstruction Acts, which Mississippi claimed were unconstitutional.  *See id.* at 497.  In barring injunctive relief against the President, the Court reasoned that when presidential action requires "the exercise of judgment," "general principles . . . forbid judicial interference with the exercise of Executive discretion."  *Id.* at 499.  Just as courts cannot enjoin Congress in exercising its legislative function, they cannot enjoin the President in exercising the executive function.  *Id.* at 500 ("Neither can be restrained in its action by the judicial department[.]").  To do so, the Court observed, would be "without a precedent."  *Id.*

A "majority of the Justices" in *Franklin v. Massachusetts*, 505 U.S. 788 (1992), reaffirmed these fundamental principles.  *Swan v. Clinton*, 100 F.3d 973, 977 (D.C. Cir. 1996). In *Franklin*, a district court issued an injunction requiring the President to take certain actions related to the census.  *See* 505 U.S. at 791.  Writing for a four-Justice plurality, Justice O'Connor explained that "the District Court's grant of injunctive relief against the President himself [was] extraordinary, and should have raised judicial eyebrows."  *Id.* at 802 (citation omitted).  The plurality reiterated that "in general, '[the] court has no jurisdiction of a bill to enjoin the President in the performance of his official duties.'"  *Id.* at 802–03 (quoting *Mississippi*, 71 U.S. at 501).  "At the threshold," it said, "the District Court should have evaluated whether injunctive relief against the President was available, and if not, whether appellees' injuries were

3

nonetheless redressable." *Id.* at 803.

Concurring in *Franklin*, Justice Scalia explained that, under *Mississippi*, courts may impose neither injunctive nor declaratory relief against the President in his official capacity. *Id.* at 827–28. Therefore, just as the President is absolutely immune from official capacity damages suits, so too is he immune from efforts to enjoin him in his official capacity. *Id.* at 827 ("Many of the reasons [the Court] gave in *Nixon v. Fitzgerald*, [457 U.S. 731, 749 (1982)], for acknowledging an absolute Presidential immunity from civil damages for official acts apply with equal, if not greater, force to requests for declaratory or injunctive relief in official-capacity suits that challenge the President's performance of executive functions."). Justice Scalia reasoned that the principle that the President "may not be ordered to perform particular executive . . . acts at the behest of the Judiciary" is "implicit in the separation of powers" and is supported by Supreme Court precedent. *Id.* at 827–28. "Permitting declaratory or injunctive relief against the President personally would not only distract him from his constitutional responsibility to 'take Care that the Laws be faithfully executed,'" but also "would produce needless head-on confrontations between district judges and the chief executive." *Id.* at 828 (quoting U.S. Const., Art. II, § 3). Based on these separation-of-powers concerns, Justice Scalia concluded that "[u]nless the other branches are to be entirely subordinated to the Judiciary, [the courts] cannot direct the President to take a specified executive act." *Id.* at 829.

In line with *Mississippi* and *Franklin*, courts in this and other circuits have rejected plaintiffs' demands to enjoin the President in the performance of his official duties, regardless of the claim.[2] For example, in *Swan v. Clinton*, a former member of the National Credit Union

---

[2] *See, e.g.*, *Hawaii v. Trump*, 859 F.3d 741, 788 (9th Cir.), *vacated and remanded on other grounds*, 138 S. Ct. 377, 199 L. Ed. 2d 275 (2017); *Int'l Refugee Assistance Project v. Trump*, 857 F.3d 557, 605 (4th Cir.), *vacated and remanded on other grounds sub. nom. Trump v. Int'l Refugee Assistance*, 138 S. Ct. 353 (2017); *Int'l Refugee Assistance Project v. Trump*,

Administration ("NCUA") Board sued the President and two subordinates after the President removed him from his position. 100 F.3d at 975. The plaintiff sought to have his removal and his successor's appointment declared unlawful and to obtain injunctive relief ordering his reinstatement as a member of the NCUA Board. *Id.* In determining whether the plaintiff's injury was redressable, the D.C. Circuit considered "whether a federal court has the power to grant injunctive relief against the President of the United States in the exercise of his official duties." *Id.* at 976. The Court first recognized that the Supreme Court in *Franklin* had "'left open the question whether the President might be subject to a judicial injunction requiring the performance of a purely ministerial duty.'"[3] *Id.* at 977 (quoting *Franklin*, 505 U.S. at 802). Although the Court found that the President's duty to comply with the removal restrictions in the NCUA statute was "ministerial and not discretionary," it nonetheless determined that injunctive

---

265 F. Supp. 3d 570, 632 (D. Md. 2017); *Cty. of Santa Clara v. Trump*, 250 F. Supp. 3d 497, 539–40 (N.D. Cal. 2017), *appeal docketed* No. 17-16886 (9th Cir. Sept. 18, 2017); *Settle v. Obama*, No. 3:15-cv-365, 2015 WL 7283105, at *6 (E.D. Tenn. Nov. 17, 2015); *Day v. Obama*, No. 1:15-cv-00671, 2015 WL 2122289, at *1 (D.D.C. May 1, 2015); *Willis v. Dep't of Health & Human Servs.*, 38 F. Supp. 3d 1274, 1277 (W.D. Okla. 2014); *McMeans v. Obama*, No. 11-cv-891, 2011 WL 6046634, at *3 (D. Del. Dec. 1, 2011); *Shreeve v. Obama*, No. 1:10-cv-71, 2010 WL 4628177, at *5 (E.D. Tenn. Nov. 4, 2010); *Anderson v. Obama*, No. CIV. PJM 10-17, 2010 WL 3000765, at *2 (D. Md. July 28, 2010); *Carlson v. Bush*, No. 6:07CV1129-ORL19UAM, 2007 WL 3047138, at *3 (M.D. Fla. Oct. 18, 2007); *Comm. to Establish the Gold Standard v. United States*, 392 F. Supp. 504, 506 (S.D.N.Y. 1975); *Nat'l Ass'n of Internal Revenue Emps. v. Nixon*, 349 F. Supp. 18, 21–22 (D.D.C. 1972); *Reese v. Nixon*, 347 F. Supp. 314, 316–17 (C.D. Cal. 1972); *S.F. Redevelopment Agency v. Nixon*, 329 F. Supp. 672, 672 (N.D. Cal. 1971); *Suskin v. Nixon*, 304 F. Supp. 71, 72 (N.D. Ill. 1969).

[3] A ministerial duty is "a simple, definite duty" that is "imposed by law" where "nothing is left to discretion." *Mississippi*, 71 U.S. at 498; *see also Swan v. Clinton*, 100 F.3d 973, 977 (D.C. Cir. 1996) ("A ministerial duty is one that admits of no discretion, so that the official in question has no authority to determine whether to perform the duty." (citing *Mississippi*, 71 U.S. at 498)). In contrast, "a duty is discretionary if it involves judgment, planning, or policy decisions." *Beatty v. Washington Metro. Area Transit Auth.*, 860 F.2d 1117, 1127 (D.C. Cir. 1988) (citation omitted). There can be no question here that Plaintiffs seek to enjoin the President from performing a discretionary duty—the formation of military policy—that goes to the heart of his authority as Commander in Chief.

relief against the President was not appropriate. *Id.* The Court reiterated the Supreme Court's "stern admonition" from *Franklin* that "injunctive relief against the President personally is an extraordinary measure not lightly to be undertaken." *Id.* at 978. The rationale behind this doctrine, the Court found, was "painfully obvious":

> the President, like Congress, is a coequal branch of government, and for the President to 'be ordered to perform particular executive . . . acts at the behest of the Judiciary,' at best creates an unseemly appearance of constitutional tension and at worst risks a violation of the constitutional separation of powers.

*Id.* (quoting *Franklin*, 505 U.S. at 827 (Scalia, J., concurring in part and concurring in the judgment)).

The district court expressed similar concerns regarding the separation of powers in *Newdow v. Bush*, 355 F. Supp. 2d 265 (D.D.C. 2005). In that case, the plaintiff moved for a preliminary injunction against all defendants, including the President, to prevent the use of clergymen to engage in any religious act at the presidential inauguration. *Id.* at 270–71. Although the plaintiff argued that the Court should "read an exception into the immunity of the President from injunctive relief for instances where he is claimed to have violated the Constitution," the Court found that "there is no support at all for such an exception." *Id.* at 282. Noting that it would be an "extraordinary measure" to issue an injunction against the President—even for alleged Constitutional violations—the Court stated that it was "not aware of any" cases where "an injunction against the President [was] issued and sustained by the federal courts." *Id.* Given its "grave concerns about its power to issue an injunction against the President," the Court denied the plaintiff's motion for a preliminary injunction. *Id.*

In a similar case challenging prayers at a subsequent presidential inauguration, the D.C. Circuit affirmed the dismissal of the plaintiff's case, finding that "[t]he only apparent avenue of redress for plaintiffs' claims would be injunctive or declaratory relief" against the President, but

"such relief is unavailable." *Newdow v. Roberts*, 603 F.3d 1002, 1013 (D.C. Cir. 2010). The Court concluded that "[w]ith regard to the President, courts do not have jurisdiction to enjoin him and have never submitted the President to declaratory relief."[4] *Id.* (citing *Mississippi*, 71 U.S. at 501; *Franklin*, 505 U.S. at 827–29).

The *Mississippi v. Johnson* line of cases underscores that the President is not a proper defendant in this case. It is undisputed that Plaintiffs brought suit against the President in his official capacity, challenging actions he took concerning military policy in his role as Commander in Chief. *See* Am. Compl. ¶¶ 1, 41. It is also undisputed that Plaintiffs seek declaratory and injunctive relief against the President. *Id.* ¶ 9; *see also id.* at 18. It is further undisputed that Plaintiffs brought suit against the Secretary of Defense, the Chairman of the Joint Chiefs of Staff, each of the Services, the Service Secretaries, DHA, the Director of DHA, and the United States, *id.* ¶¶ 42–54, and Plaintiffs could obtain full relief for their alleged injuries through injunctive relief against those other Defendants. Accordingly, because this Court cannot issue a declaratory judgment or an order enjoining the President for his official, discretionary action, the Court should grant partial judgment on the pleadings to Defendants on all of Plaintiffs' claims against the President.

For these same reasons, the Court should dissolve the preliminary injunction to the extent it runs against the President. *See Int'l Refugee Assistance Project v. Trump*, 857 F.3d 557, 573,

---

[4] This is not to say that Plaintiffs may not bring their claims against the other Defendants in this case or that the Court may not enjoin the actions of subordinate officials in the Executive Branch. To the contrary, "[i]n most cases, any conflict between the desire to avoid confronting the elected head of a coequal branch of government and to ensure the rule of law can be successfully bypassed, because the injury at issue can be rectified by injunctive relief against subordinate officials." *Swan*, 100 F.3d at 978–79 (citing *Franklin*, 505 U.S. at 803; *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1331 n.4 (D.C. Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 811 n.17 (1982)). Thus, in cases involving the President and other defendants, courts avoid granting relief against the President and instead grant relief only against subordinate officials in the Executive Branch. *See, e.g., id.* at 976–80.

605 (4th Cir.) (en banc), *vacated and remanded on other grounds sub. nom. Trump v. Int'l Refugee Assistance*, 138 S. Ct. 353 (2017) ("lifting the preliminary injunction as to the President only"); *Hawaii v. Trump*, 859 F.3d 741, 788 (9th Cir.), *vacated and remanded on other grounds*, 138 S. Ct. 377 (2017) (vacating the district court's injunction "to the extent the order runs against the President, but affirm[ing] to the extent that it runs against the remaining 'Defendants and all their respective officers, agents, servants, employees, and attorneys, and persons in active concert or participation with them'"); *Int'l Refugee Assistance Project v. Trump*, 265 F. Supp. 3d 570, 633 (D. Md. 2017), *appeal docketed*, No. 17-2231 (4th Cir. Oct. 20, 2017), *stay granted*, 138 S. Ct. 542 (Dec. 4, 2017) (issuing a preliminary injunction against "[a]ll Defendants with the exception of the President of the United States.")

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for partial judgment on the pleadings should be granted, and the President should be dismissed as a defendant in this case. The Court should also dissolve the preliminary injunction as to the President.

March 2, 2018                     Respectfully Submitted,

                                                     CHAD A. READLER
Acting Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Branch Director

ANTHONY J. COPPOLINO
Deputy Director

/s/ *Ryan Parker*
RYAN B. PARKER
Senior Trial Counsel
ANDREW E. CARMICHAEL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 514-4336
Email: ryan.parker@usdoj.gov

*Counsel for Defendants*