# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE 1,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **DONALD J. TRUMP,** *et al.*, <br><br> Defendants. | Civil Action No. 17-cv-1597 (CKK) |

## **DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

For the reasons set forth in the attached Memorandum of Points and Authorities, Defendants move pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure for a protective order to preclude all discovery pending the resolution of Defendants' Motion to Dissolve the Preliminary Injunction, including any interlocutory appeal. In addition to their Memorandum of Points and Authorities, Defendants have filed a proposed order with this motion. Defense counsel conferred with Plaintiffs' counsel regarding this motion, and Plaintiffs oppose the motion.

March 23, 2018

Respectfully Submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

BRINTON LUCAS
Counsel to the Assistant Attorney General


JOHN R. GRIFFITHS
Branch Director

ANTHONY J. COPPOLINO
Deputy Director

 /s/ *Ryan Parker*
RYAN B. PARKER
Senior Trial Counsel
ANDREW E. CARMICHAEL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 616-8482
Email: ryan.parker@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE 1,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **DONALD J. TRUMP,** *et al.*, <br><br> **Defendants.** | **Civil Action No. 17-cv-1597 (CKK)** |

# MEMORANDUM IN SUPPORT OF
# DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

# INTRODUCTION

Defendants move pursuant to Federal Rule of Civil Procedure 26(c) for a protective order to preclude discovery pending the resolution of Defendants' Motion to Dissolve the Preliminary Injunction. *See* Defs.' Mot., ECF No. 96. Resolution of that motion, which explains that Plaintiffs' current challenge is moot and that Plaintiffs cannot demonstrate a likelihood of success on the merits, should either obviate the need for any discovery in this case or, at the very least, significantly narrow the issues that remain. Accordingly, it is in the interest of judicial economy to preclude discovery until the motion to dissolve has been resolved, including through any interlocutory appeal. This is particularly so where Defendants' motion to preclude Plaintiffs from seeking discovery from the President of the United States, *see* Defs.' Mot. for a Protective Order, ECF No. 89, remains pending before the Court, and Plaintiffs have indicated that they may bring additional discovery disputes to the Court. This Court should therefore exercise its discretion to prevent the unnecessary expenditure of time and resources that would be required to engage in

discovery and enter a protective order precluding discovery until after the litigation involving Defendants' Motion to Dissolve the Preliminary Injunction is complete.

# BACKGROUND

I.  **Procedural History of This Case**

Plaintiffs filed this action on August 9, 2017, raising constitutional challenges to what they contend is a ban on the service of transgender individuals in the military. Compl., ECF No. 1. Following the issuance of the Presidential Memorandum in August 2017, Plaintiffs amended their complaint, ECF No. 9, and moved to preliminarily enjoin "the categorical exclusion of transgender people from the military," Pls.' Mem. at 39–40, ECF No. 13. Defendants opposed Plaintiffs' motion for preliminary injunction and moved to dismiss the amended complaint on the grounds that Plaintiffs lacked standing and had failed to state a claim. Defs.' Mot., ECF No. 45.

On October 30, 2017, the Court granted in part Plaintiffs' motion for a preliminary injunction and partially granted Defendants' motion to dismiss. Order, ECF No. 60. The Court preliminarily enjoined the Presidential Memorandum's accession and retention directives, finding that Plaintiffs were likely to succeed on their claims that the accession and retention directives violated the Fifth Amendment's Due Process Clause and its equal protection component. Mem. Op. at 64–72, ECF No. 61. The Court later clarified that "the effect of its Order was to revert to the *status quo* with regard to accession and retention that existed before the issuance of the Presidential Memorandum—that is, the retention and accession policies established in the June 30, 2016 Directive-type Memorandum as modified by Secretary of Defense James Mattis on June 30, 2017," and stated that "[a]ny action by any of the Defendants that changes this *status quo* is preliminarily enjoined." Order at 2, ECF No. 70. The Court also dismissed Plaintiffs' claims to the extent they were based on the surgery directive, as well as Plaintiffs' estoppel claim. Mem. Op. at 75.

Following the Court's ruling, the Plaintiffs sought extensive discovery against the Government. Plaintiffs have deposed three Government officials, and have indicated their intention to seek at least six additional depositions of Government officials. Plaintiffs also have served 25 broad requests for the production of documents, many of which implicate Executive privilege. *See* Pls.' First Set of Reqs. for Produc., ECF No. 89-3. Defendants have collected and reviewed hundreds of thousands of pages of non-privileged records in response to Plaintiffs' document requests, producing to Plaintiffs more than 80,000 pages of documents to date on a rolling basis. Plaintiffs also have served 25 far-reaching interrogatories. *See* Pls.' First Set of Interrogs., ECF No. 89-1.

Plaintiffs' discovery demands directed at the President have led to a significant dispute. Plaintiffs directed broad discovery against the President, comprising 22 interrogatories, 12 requests for admission, and 25 document production requests. *See, e.g.*, *id.*; Pls.' First Set of Reqs. for Admis., ECF No. 89-2; Pls.' First Set of Reqs. for Produc., ECF No. 89-3. Each of Plaintiffs' discovery requests seeks information concerning the President's deliberations and decisionmaking process. *See* Defs.' Mot. for a Protective Order at 4–7, ECF No. 89. Defendants have objected to any discovery directed to the President on several grounds, including that such discovery should be foreclosed based on separation-of-powers principles and because virtually all of the specific discovery sought is subject to Executive privilege, and in particular, the presidential communications privilege. *See id.* at 12–39; *see also* Defs.' Objs. to Pls.' First Set of Interrogs. to Def. Donald J. Trump, ECF No. 89-4. Following two telephone conferences with the Court, Defendants filed a motion for a protective order to preclude Plaintiffs from seeking discovery from the President. *See* Defs.' Mot. for a Protective Order, ECF No. 89.

Defendants also subsequently filed a partial motion for judgment on the pleadings on all claims against the President, arguing that he is not a proper defendant in this case. *See* Defs.' Partial Mot. for J. on the Pleadings, ECF No. 90. These motions are still pending.

## II.   Creation of New Policy Concerning Military Service by Transgender Individuals

In February 2018, after considering the recommendations of the Panel of Experts along with additional information, Secretary of Defense James Mattis, with the agreement of the Secretary of Homeland Security, sent the President a memorandum proposing a new policy consistent with the Panel's conclusions.[1] *See* Mattis Memorandum, ECF No. 96-1. The memorandum was accompanied by a 44-page report provided by the Under Secretary of Defense for Personnel and Readiness setting forth in detail the bases for the Department of Defense's recommended new policy. Department of Defense Report and Recommendations on Military Service by Transgender Persons (Feb. 2018), ECF No. 96-2.

On March 23, 2018, the President issued a new memorandum concerning transgender military service. Presidential Memorandum (2018 Memorandum), ECF No. 96-3. The 2018 Memorandum revoked the 2017 Memorandum, thereby allowing the Secretaries of Defense and Homeland Security to "exercise their authority to implement appropriate policies concerning military service by transgender persons." *Id.* Accordingly, the August 2017 Presidential Memorandum that the Court has enjoined has been rescinded.

## III.   Defendants' Pending Motion to Dissolve the Preliminary Injunction

Following the issuance of the 2018 Presidential Memorandum, Defendants filed a Motion to Dissolve the Preliminary Injunction. *See* Defs.' Mot., ECF No. 96. In that motion, Defendants argue, among other things, that Plaintiffs cannot demonstrate a likelihood of success on the merits

---

[1] Additional details regarding the Department's new policy and the Panel of Experts' work is set forth in Defendants' Motion to Dissolve the Preliminary Injunction. *See* Defs.' Mot. at 5–9.

for two reasons. *See id.* at 11–35.  First, Plaintiffs' current challenge to the 2017 Presidential Memorandum is moot because it was revoked by the 2018 Presidential Memorandum and military service by transgender individuals will be governed by the Department's new policy if it is implemented. *See id.* at 10–13.  Second, even if Plaintiffs' case was not moot, the Department's new policy withstands constitutional scrutiny. *See id.* at 13–35.  With respect to this second argument, the motion to dissolve raises controlling issues of law that impacts all further proceedings. *See id.*  Defendants' motion to dissolve is pending before the Court.

## **STANDARD OF REVIEW**

The Court has wide discretion to control the nature and timing of discovery, and "should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." (citation omitted)).  Courts have discretion to issue a protective order under Federal Rule of Civil Procedure 26(c) upon a showing of good cause in order to "protect a party from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (stating that "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); *Watts v. Sec. & Exch. Comm'n*, 482 F.3d 501, 507 (D.C. Cir. 2007) ("Rule 26 'vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.'" (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998))).  This discretion includes orders forbidding the requested discovery altogether. Fed. R. Civ. P. 26(c)(1)(A); *see also St. John v. Napolitano*, 274 F.R.D. 12, 16 (D.D.C. 2011) (stating that a protective "order may forbid disclosure altogether").

## ARGUMENT

The Court should preclude discovery until resolution of Defendants' pending Motion to Dissolve the Preliminary Injunction, including any interlocutory appeal, for four reasons.

1. Plaintiffs' challenge to the 2017 Presidential Memorandum is moot. *See* Defs.' Mot. at 10–13. The President has withdrawn that Memorandum, which formed the basis for the Plaintiffs' Amended Complaint and was central to the Court's preliminary injunction. Yet Plaintiffs have served numerous, burdensome discovery requests directly related to the President's statements on Twitter on July 26, 2017, and the Presidential Memorandum issued on August 25, 2017.[2] *See, e.g.*, Pls.' First Set of Interrogs. at Interrogs. 1–10, 15–16, ECF No. 89-1; Pls.' First Set of Reqs. for Admis. at Reqs. 1–12, ECF No. 89-2; Pls.' First Set of Reqs. for Produc. at Reqs. 4–5, ECF No. 89-3. Because Plaintiffs' challenge to the 2017 Presidential Memorandum is moot, any discovery related to that Memorandum or the President's preceding statements on Twitter is irrelevant and, in any event, disproportionate to the needs of the case. Fed. R. Civ. P. 26(b). In these circumstances, good cause exists for the Court to preclude discovery until resolution of the motion.

2. Further litigation should be confined to the administrative record provided by the agency. Because the new policy resulted from an administrative process by the Department of Defense, any challenge to that new policy should be subject to the Administrative Procedure Act

---

[2] In addition, Plaintiffs served discovery requests that do not explicitly mention the President's statements on Twitter or the 2017 Presidential Memorandum, but that implicate the statements or the Memorandum by requesting documents or information before July 26, 2017 (the date of the President's statements on Twitter), or August 25, 2017 (the date of the Presidential Memorandum). *See, e.g.*, Pls.' First Set of Reqs. for Produc. at Req. 6, ECF No. 89-3 (requesting "[a]ll documents concerning military service by transgender people provided to President Trump before July 26, 2017"); Pls.' First Set of Interrogs. at Interrog. 17, ECF No. 89-1 (requesting identification of all participants "[f]or every meeting attended by President Trump, Secretary Mattis and/or General Dunford between January 20, 2017, and August 25, 2017, at which military service by transgender people was discussed").

("APA"), including the requirement that review of any challenge be based upon the administrative record. *See James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996). Even a constitutional challenge to the Department's new policy would be constrained to record review. *See Chiayu Chang v. U.S. Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160, 162–63 (D.D.C. 2017); *Trudeau v. Fed. Trade Comm'n*, 384 F. Supp. 2d 281, 293–94 (D.D.C. 2005), *aff'd*, 456 F.3d 178 (D.C. Cir. 2006) (concluding that discovery was not permitted where plaintiff brought claims under the APA and the First Amendment and explaining that a private party could not "root through the files of a federal agency to determine the motivation" behind agency action). Because this case should be reviewed on the administrative record, there is a strong presumption against discovery. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam) (stating that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); *see also Am. Petroleum Tankers Parent, LLC v. United States*, 952 F. Supp. 2d 252, 271 (D.D.C. 2013) (Kollar-Kotelly, J.).

      3. If implemented, the Department's new policy will be the operative policy governing military service by transgender individuals. In demonstrating that the Department's new policy withstands constitutional scrutiny, Defendants' motion presents controlling questions of law that should be resolved before allowing discovery to continue. *See* Defs.' Mot. at 13–35.

      4. A protective order would serve the interests of judicial economy because the Court could avoid ruling on constitutional separation-of-powers issues. Defendants have moved for a protective order to preclude Plaintiffs from seeking burdensome discovery directly from the President. Defendants' motion raises weighty constitutional issues, arguing that "[d]iscovery directed at the President—especially discovery concerning his deliberations as Commander-in-Chief—should not be permitted at this time because it raises serious separation-of-powers concerns." Defs.' Mot. at 1, ECF No. 89; *see also Cheney v. U.S. Dist. Court for the Dist. of*

*Columbia*, 542 U.S. 367, 389–90 (2004) (stating that "'occasion[s] for constitutional confrontation between the two branches' should be avoided whenever possible" (quoting *United States v. Nixon*, 418 U.S. 683, 692 (1974))). If the Court enters a protective order for the reasons explained above, then the Court would not need to resolve Defendants' pending motion for a protective order to preclude discovery of the President. *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."). Therefore, it is in the interest of judicial economy to enter a protective order to preclude further litigation over these delicate constitutional issues.

## **CONCLUSION**

For the foregoing reasons, the Court should stay all discovery deadlines and preclude the parties from engaging in discovery until a final ruling on Defendants' pending Motion to Dissolve the Preliminary Injunction, including through any interlocutory appeal.

March 23, 2018                                     Respectfully Submitted,

                                                     CHAD A. READLER
Acting Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

BRINTON LUCAS
Counsel to the Assistant Attorney General

JOHN R. GRIFFITHS
Branch Director

ANTHONY J. COPPOLINO
Deputy Director

8

   /s/ *Ryan Parker*
RYAN B. PARKER
Senior Trial Counsel
ANDREW E. CARMICHAEL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 616-8482
Email: ryan.parker@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2018, I electronically filed the foregoing Motion for a Protective Order using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.


Dated: March 23, 2018                             /s/ *Ryan Parker*

                                                  RYAN B. PARKER
                                                  Senior Trial Counsel
                                                  United States Department of Justice
                                                  Civil Division, Federal Programs Branch
                                                  Telephone: (202) 514-4336
                                                  Email: ryan.parker@usdoj.gov

                                                  *Counsel for Defendants*