UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE 2, *et al.*,
    Plaintiffs

v.

DONALD J. TRUMP, *et al.*,
    Defendants

Civil Action No. 17-1597 (CKK)

**ORDER**
(April 18, 2018)

On April 13, 2018, Plaintiffs contacted chambers via e-mail to notify the Court of several discovery disputes.[1] In summary form, the disputes relate to Defendants' assertion of the deliberative process privilege and Defendants' timeline for responding to Plaintiffs' requests for documents.

With respect to Defendants' document production, Defendants represent that they "anticipate" finishing their production "by the end of May." Plaintiffs request that the Court order Defendants to finish their production sooner, considering Defendants originally agreed to produce documents by February 2, 2018, and the original discovery period was set to close on March 30, 2018. The Court agrees that production should be moving faster. Defendants apparently have considerable resources to apply to this litigation, as is clear from the litany of motions and appeals Defendants have filed in the past months in hopes of stopping, or at least stalling, this lawsuit. Those efforts have failed, and Defendants should now be applying their considerable resources to complying with their obligation to produce responsive, *non-privileged* documents to Plaintiffs. Defendants must do so by no later than **May 15, 2018**.

With respect to the parties' numerous ongoing disputes about privilege, the Court will wait to resolve these issues until a later time. It is the Court's initial impression that Defendants have asserted several privileges in this case in a broad, summary manner that may or may not prove defensible. It is also the Court's initial impression that Defendants have done so as a tactic to stall this lawsuit. Hopefully, these impressions are incorrect. However, if correct, this is unacceptable and Defendants are hereby warned that frivolous assertions of privilege will not be tolerated. Nonetheless, the Court will not take up this issue at this time. There are several substantive motions that are either pending or will be filed soon, the resolution of which may affect the scope of discovery. The Court will resolve the parties' disputes about privileges—if they are still relevant—after the Court resolves these substantive motions. This does not absolve Defendants of the obligation to produce all responsive documents over which they are not asserting privilege by May 15, 2018. This approach will not prejudice Plaintiffs, because in the meantime the Court's preliminary injunction remains in place, discovery is ongoing, and the discovery deadline has been vacated. *See* March 28, 2018 Order, ECF No. 101. Moreover, the

---

[1] The parties' e-mails are attached to this Order as Exhibit A.

Court is not of the impression, at least at this point, that Plaintiffs will be prejudiced in opposing Defendants' Motion to Dismiss or Motion to Dissolve the Preliminary Injunction by not having the types of documents that are at issue in the parties' privilege disputes.  However, if the Court determines otherwise after those substantive motions have been fully briefed, it will delay ruling on those motions until these privilege issues can be resolved.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　/s/　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　　　United States District Judge