**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JANE DOE 2, *et al.*,
    Plaintiffs

    v.

DONALD J. TRUMP, *et al.*,
    Defendants

Civil Action No. 17-1597 (CKK)

**ORDER**
(April 18, 2018)

    Presently before the Court is Defendants' [97] Motion for a Protective Order ("Defs.' Mot."). Through this motion Defendants seek a stay of all discovery pending the resolution of Defendants' Motion to Dissolve the Preliminary Injunction (including any interlocutory appeal of the Court's ruling on that motion). Federal Rule of Civil Procedure 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The Court will exercise this broad discretion to DENY Defendants' Motion for a Protective Order.

    None of the reasons Defendants give for halting discovery at this point are persuasive. First, Defendants argue, in effect, that discovery should be stayed because they are likely to succeed on the merits of their Motion to Dissolve the Preliminary Injunction.[1] Defendants argue that "Plaintiffs' challenge to the 2017 Presidential Memorandum is moot," given that "[t]he President has withdrawn that Memorandum," and that the "new policy" set forth in a recent memorandum prepared by Secretary of Defense James N. Mattis "withstands constitutional scrutiny." Defs.' Mot. at 6-7. Plaintiffs do not agree with either of these arguments, *see* Pls.' Opp'n to Defs.' Mot., ECF No. 108, at 5-9, and the Court will not resolve these disputes in the context of a discovery motion. These disputes are being fully briefed in Defendants' pending Motion to Dissolve the Preliminary Injunction, and will presumably also be briefed in relation to Defendants' upcoming Motion to Dismiss. The Court will wait to make a final decision on these important issues in the context of those substantive motions. In the context of this Motion for a Protective Order, the Court merely holds that—on the current record—it is not sufficiently persuaded by Defendants' arguments such that it is inclined to halt all discovery pending the resolution of Defendants' motions.[2]

    Second, Defendants argue that discovery is no longer appropriate *at all* in this case and that "[f]urther litigation should be confined to the administrative record provided by the agency."

---

[1] In their reply brief, Defendants also argue that a stay of discovery is justified because Defendants are likely to succeed on a Motion to Dismiss that they will soon file. *See* Defs.' Reply in Support of Mot. for a Protective Order, ECF No. 110, at 1.

[2] *See Karnoski v. Trump*, No. C17-1297-MJP, 2018 WL 1784464, at *6-7 (W.D. Wash. Apr. 13, 2018) (rejecting Defendants' mootness argument).

<a>
</a>

Defs.' Mot. at 6.  Effectively, Defendants argue that recent presidential and agency actions in this case have transformed Plaintiffs' constitutional challenge into a lawsuit under the Administrative Procedure Act ("APA"), and accordingly the APA's limitations on discovery should now apply.  This is not correct.  Plaintiffs assert claims under the Fifth Amendment to the United States Constitution.  *See* Second Am. Compl., ECF No. 106, ¶¶ 90-101.  They do not assert any claim under the APA.  None of the cases cited by Defendants hold that Plaintiffs are required to proceed under the APA, nor do they hold that discovery in this constitutional challenge should be limited to an administrative record.[3]

Finally, the Court is not persuaded that bringing this case to a standstill by staying all discovery while the Court considers Defendants' most recent motions would "serve the interests of judicial economy."  Defs.' Mot. at 7.  As noted in a separate Order issued April 18, 2018, ECF No. 113, the Court will temporarily defer consideration of the parties' numerous privilege disputes until Defendants' motions have been resolved.  Beyond this, any additional delay in discovery is not justified.

For the foregoing reasons, in an exercise of its discretion, the Court DENIES Defendants' Motion for a Protective Order.  Discovery shall continue.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[3] Some of these cases merely state the general rule that judicial review in APA cases is limited to the administrative record.  *See Camp v. Pitts*, 411 U.S. 138, 142 (1973) (holding that, when applying the APA's arbitrary or capricious standard of review, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (stating the general rule that courts confine their review of APA cases to the administrative record); *Am. Petroleum Tankers Parent, LLC v. United States*, 952 F. Supp. 2d 252, 271 (D.D.C. 2013) (same).  Other of Defendants' cases address the overlap of APA and constitutional claims, but do not hold that discovery is inappropriate in a case where plaintiffs' only claims arise under the Fifth Amendment and are fundamentally different than APA claims. *See Chiayu Chang v. United States Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160 (D.D.C. 2017) (denying motion for discovery in APA case despite the presence of constitutional claims in addition to plaintiff's APA claims because the constitutional claims were "fundamentally similar to [plaintiffs'] APA claims," noting in particular that discrimination against a suspect class had not been alleged); *Trudeau v. Fed. Trade Comm'n*, 384 F. Supp. 2d 281, 295 (D.D.C. 2005), *aff'd,* 456 F.3d 178 (D.C. Cir. 2006) (expressing no view on whether APA restrictions applied to First Amendment claim because plaintiff had failed to state a claim under the First Amendment).