

**U.S. Department of Justice**
Civil Division, Federal Program Branch

_____

April 23, 2018


The Honorable Colleen Kollar-Kotelly
United States District Court Judge

      Re: Claw Back Dispute in *Doe v. Trump*, No. 17-cv-1597 (CKK)

Dear Judge Kollar-Kotelly,

      Defendants write in response to your order issued in the evening of April 23, 2018, *see* Order, ECF No. 118, concerning certain privileged documents that were inadvertently and mistakenly disclosed during Defendants' productions, and for which Defendants have invoked their claw back rights under the Court's Fed. R. Evid. 502(d) Order, *see* ECF No. 85.  As set forth further below, in order to resolve this dispute in an efficient manner, Defendants are willing to withdraw their claw back request solely over the partially redacted version of the October 2, 2017 presentation identified below.


**<u>Background</u>**

      By letter dated Thursday April 19, 2018, counsel for Defendants notified counsel for Plaintiffs that Defendants were exercising their rights to claw back three documents containing privileged material that had been disclosed inadvertently during Defendants' productions.  *See* Notice of Recall for Inadvertently Disclosed Privileged Documents (attached hereto as Exhibit A). The documents at issue are:

1. A briefing in the form of a 34-page PowerPoint presentation presented at the October 2, 2017 meeting of the transgender personnel policy working group, a subgroup of the Defense Department's transgender military service panel of experts.  The presentation is marked in red as "Not for Distribution//Draft Deliberative Document."  Among other things, the presentation contains guidance to the working group, suggested policy options, and the anticipated timeline of the policy making process.  Defendants inadvertently and mistakenly produced in whole a copy of the presentation in possession of the Army on March 20, 2018.  On two additional occasions, Defendants produced copies of the presentation in possession of the Navy with only partial redactions.  *See* Bates numbers Navy_00040984 through Navy_00041017 and Navy_00041020 through Navy_00041052.  Defendants withheld the slide deck in its entirety at least ten times in productions from the Army and other Department of Defense components.  *See* Army_10001850.0001;    Army_10002447;    Army_10002448;    Army_10002449;

Army_10005269.0001; Army_10005271.0001; Army_10005339.0001; DoD00002147; DoD00006212; and DoD00097747.

2.  A single slide of the October 2, 2017 presentation, bearing Bates number Army_10000291, which was mistakenly and inadvertently produced by Defendants.  At least four other copies of this single slide were withheld as privileged by Defendants: Army_10001011.0001; Army_10003107.0001; Army_10005121; and Army_10005160.

3.  An Air Force email dated December 8, 2017 and bearing Bates numbers AF_00000595 through AF_00000597, was inadvertently and mistakenly included in Defendants' February 9, 2018 production.  The email was sent to Major General Robert D. LaBrutta, Director of Military Force Management Policy, Deputy Chief of Staff for Manpower, Personnel and Services for the Air Force, as well as other Air Force personnel.  Major General LaBrutta is responsible for establishing force management policies for the Air Force.  The email was sent by Colonel William Fischer, who was reporting the ongoing deliberations of the transgender personnel policy working group and the panel of experts.  The email reflects the advice, deliberations, and recommendations of the transgender policy working groups and the panel of experts.  Two other emails in the relevant email chain, *see* AF_00000542 – AF_00000543, AF_00002547 – AF_00002548, and a duplicate of the disclosed email, *see* AF_00002953 – AF_00002955, were produced with redactions.

Defendants identified each of these documents by Bates number, and explained why the materials they contained were privileged.  *Id.*

On Friday April 20, 2018, counsel for Plaintiffs sent an email to the Court requesting a teleconference concerning Defendants' Notice of Recall.  *See* Order, ECF No. 118 at Ex. A. Plaintiffs argued that the documents at issue were not subject to privilege, and that Defendants had waived privilege over the partially redacted version of the October 2, 2017 presentation by allowing a deponent, Army Colonel Mary Kreuger, to answer questions about it at her deposition.

On the evening on Monday April 23, 2018, the Court issued an order explaining that, because it had "already explained that it will not consider the parties' numerous disputes about the applicability of privileges until after certain of Defendants' pending motions have been resolved," the Court would consider only a narrow aspect of the parties' claw back dispute.  *See* Order, ECF No. 118 at 1.  The Court stated that it would consider only Plaintiffs' "contention that Defendants have waived any privilege with respect to the partially redacted version of the [October 2, 2017 presentation] by allowing its use without objection at Col. Krueger's deposition." *Id.*  The Court then ordered that Defendants "shall file on the record a brief response" by "no later than **April 24, 2018** at **8:00 a.m.**" *Id.* at 2.  The Court requested that Defendants' filing "(1) indicate[] whether the facts set forth [in the Court's order] about the production and use of the October 2, 2017

presentation are accurate, and (2) provide[] the Court with any authority Defendants have for the proposition that a party that allows the use of a document at a deposition without objecting or asserting privilege does not waive privilege with respect to that document." *Id.*

## Discussion

As an initial matter, Defendants object to Plaintiffs' description of what occurred at Col. Kreuger's deposition on April 17, 2018, with respect to the documents at issue, which we believe is incomplete.  The deposition transcript itself should be cited as a record of the use of these documents at the deposition and the objections Defendants lodged on the record, not the characterization of counsel.  In the short time between the Court's order, issued at 5:07 p.m. on the evening on April 23, 2018, and the Court's filing deadline of 8:00 a.m. the next morning, Defendants have been unable to obtain the transcript.

In any event, in order to resolve this dispute in an efficient manner, Defendants are willing to withdraw their claw back request over the partially redacted version of the October 2, 2017 presentation only.  This version of the document has twice been produced to Plaintiffs, bearing Bates numbers Navy_00040984 through Navy_00041017 and Navy_00041020 through Navy_00041052. One copy of that version is attached hereto as Exhibit B.  Because this partially redacted version of the October 2, 2017 presentation is the only document currently at issue in the Court's order, Defendants' withdrawal of their claw back request regarding that particular version of the document resolves this dispute.

Defendants maintain their claw back requests over the *unredacted* version of the October 2, 2017 presentation, as well as over documents 2 and 3 above (the single slide from the October 2, 2017 presentation, and the Air Force email).   As the Court indicated in its order, resolution of the deliberative process privilege for these unredacted materials is not presently at issue.[1]

April 23, 2018                                    Respectfully Submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

---

[1] We note, however, that Plaintiffs did not notify Defendants prior to the deposition that Plaintiffs had identified copies of this presentation with inconsistent redactions, even though the Fed. R. Evid. 502(d) Order entered by this Court required Plaintiffs to promptly notify the producing party if they discover a document that is privileged.  *See* ECF No. 85 at 2.  If Plaintiffs had promptly informed Defendants of the inconsistent redactions, the parties may have been able to resolve this issue prior to the deposition and without burdening the Court.

BRETT A. SHUMATE
Deputy Assistant Attorney General

BRINTON LUCAS
Counsel to the Assistant
Attorney General

JOHN R. GRIFFITHS
Branch Director

ANTHONY J. COPPOLINO
Deputy Director

 /s/ *Ryan Parker*
RYAN B. PARKER
Senior Trial Counsel
ANDREW E. CARMICHAEL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs
Branch
Tel: (202) 616-8482
Email: ryan.parker@usdoj.gov

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 23, 2018, I electronically filed the foregoing document using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated:  April 23, 2018

 /s/ *Ryan Parker*
RYAN B. PARKER
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 616-8482
Email: ryan.parker@usdoj.gov

*Counsel for Defendants*