# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JANE DOE 2, *et al.*,
    Plaintiffs

v.

DONALD J. TRUMP, *et al.*,
    Defendants

Civil Action No. 17-1597 (CKK)

## MEMORANDUM OPINION
(August 6, 2018)

On July 26, 2017, President Donald J. Trump issued a statement via Twitter announcing that "the United States Government will not accept or allow transgender individuals to serve in any capacity in the U.S. Military." This lawsuit followed. On October 30, 2017, the Court issued a preliminary injunction, the effect of which was to revert to the *status quo ante* with regard to military policy on transgender service.

Defendants have filed several motions which are currently pending before the Court, including Defendants' [89] Motion for a Protective Order and [90] Partial Motion for Judgment on the Pleadings and Unopposed Motion to Partially Dissolve the Preliminary Injunction, both of which relate only to the status of President Donald J. Trump as a party in this litigation. In summary form, Defendants move for the dismissal of the President as a party in this case. In addition, Defendants move to dissolve the preliminary injunction as it applies to the President only. Finally, Defendants also move for an order that the President himself does not have to respond to certain discovery requests that Plaintiffs have issued to him as a party in this case.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will GRANT Defendant's Partial Motion for Judgment on the Pleadings and to

---

[1] The Court's consideration has focused on the following documents:

Partially Dissolve the Preliminary Injunction only as to President Trump as a Defendant in this case. The President will be dismissed as a party and the Court's preliminary injunction will be dissolved only as it applies to the President. The Court shall not grant injunctive or declaratory relief directly against the President with respect to his discretionary acts that are the focus of this lawsuit. Because no relief will be granted directly against the President in this case, the Court will dismiss him as a party to avoid unnecessary constitutional confrontations. The Court emphasizes that, regardless of this decision, the Court is still able to review the legality of the President's actions, and Plaintiffs—if successful—can still obtain *all* of the relief that they seek. Given that the President is no longer a party to the case, the Court will DENY as MOOT Defendants' Motion for a Protective Order. That motion sought to prevent discovery that Plaintiffs had requested from the President as a party to this case. The President is no longer a party.

## I. LEGAL STANDARD

Pursuant to Federal Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." The standard for reviewing a motion for judgment on the pleadings is virtually identical to that applied to a motion to dismiss

---

- Defs.' Mot. for a Protective Order, ECF No. 89;
- Defs.' Partial Mot. for Judgment on the Pleadings and Mot. to Partially Dissolve the Prelim. Inj., ECF No. 90 ("Defs.' Mot.");
- Pls.' Opp'n to Defs.' Mot. for a Protective Order, ECF No. 91;
- Pls.' Opp'n to Defs.' Partial Mot. for Judgment on the Pleadings and Resp. to Mot. to Partially Dissolve the Prelim. Inj., ECF No. 92 ("Pls.' Opp'n");
- Defs.' Reply in Supp. of Mot. for a Protective Order, ECF No. 93; and
- Defs.' Reply in Supp. of Partial Mot. for Judgment on the Pleadings and Mot. to Partially Dissolve the Prelim. Inj., ECF No. 94 ("Defs.' Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

under Rule 12(b)(6).  *See Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987), *abrogated on other grounds by Hartman v. Moore,* 547 U.S. 250 (2006); *Jung v. Ass'n of Am. Med. Colleges,* 339 F.Supp.2d 26, 36 (D.D.C. 2004) ("[T]he standard of review for motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is essentially the same as that for motions to dismiss under Rule 12(b)(6)."). "The court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record." *Baumann v. D.C.*, 744 F. Supp. 2d 216, 222 (D.D.C. 2010).

## II. DISCUSSION

### A. Partial Motion for Judgment on the Pleadings and Motion to Partially Dissolve the Preliminary Injunction

As an initial matter, Plaintiffs do not oppose the dissolution of the preliminary injunction insofar as it runs against the President.  *See* Pls.' Opp'n at 14.  In fact, in their recently-filed Second Amended Complaint, Plaintiffs specify that they are no longer seeking preliminary (or permanent) injunctive relief from the President at all.  *See* Second Amended Compl., ECF No. 106 ("Compl."), at 20.  Accordingly, the Court GRANTS Defendants' motion to partially dissolve the preliminary injunction as unopposed.  The Court will dissolve its October 30, 2017 preliminary injunction to the extent that the injunction applied to the President.  *The injunction remains in force as it applies to all other Defendants*.

Next, the Court also GRANTS Defendants' motion in that it will dismiss the President himself as a party to this case.  Through this lawsuit, Plaintiffs ask this Court to enjoin a policy that represents an official, non-ministerial act of the President, and declare that policy unlawful. *See* Compl. at 20.  Sound separation-of-power principles counsel the Court against granting these forms of relief against the President directly.  *See Franklin v. Massachusetts*, 505 U.S. 788, 802-

03 (1992) (holding that "in general 'this court has no jurisdiction of a bill to enjoin the President in the performance of his official duties.'") (quoting *State of Mississippi v. Johnson*, 71 U.S. 475, 501 (1866)); *Id.* at 827 (Scalia, J., concurring in part and concurring in the judgment) ("The apparently unbroken historical tradition supports the view, which I think implicit in the separation of powers established by the Constitution, that the principals in whom the executive and legislative powers are ultimately vested—viz., the President and the Congress (as opposed to their agents)—may not be ordered to perform particular executive or legislative acts at the behest of the Judiciary. For similar reasons, I think we cannot issue a declaratory judgment against the President."); *Newdow v. Roberts*, 603 F.3d 1002, 1013 (D.C. Cir. 2010) ("With regard to the President, courts do not have jurisdiction to enjoin him, and have never submitted the President to declaratory relief") (internal citation omitted); *Swan v. Clinton*, 100 F.3d 973, 978 (D.C. Cir. 1996) (holding that courts do not have authority to enjoin the President in the performance of his official duties, and noting that the rationale for this limitation is "painfully obvious"); *Id.* at 976 n.1 ("similar considerations regarding a court's power to issue relief against the President himself apply to [plaintiff's] request for a declaratory judgment."); *Newdow v. Bush*, 355 F. Supp. 2d 265, 280 (D.D.C. 2005) ("There is longstanding legal authority that the judiciary lacks the power to issue an injunction or declaratory judgment against the co-equal branches of the government—the President and the Congress.").[2]

Given that the Court will not grant Plaintiffs the relief that they seek against the President himself, the President should be dismissed. "'[O]ccasion[s] for constitutional confrontation

---

[2] Indeed, Plaintiffs themselves appear to recognize that at least the injunctive relief they originally sought in this case should not be entered against the President, as they have now amended their complaint to exempt the President from their prayer for that relief. *See* Compl. at 20.

between the two branches' should be avoided whenever possible." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 389-90 (2004) (quoting *United States v. Nixon*, 418 U.S. 683, 692 (1974)). Confrontation can be easily avoided here, because dismissing the President will have little or no substantive effect on this litigation. Plaintiffs argue that the acts of the President himself are central to this case, and the Court agrees. But dismissing the President as a Defendant does not mean that those acts will not be subject to judicial review. The Court can still review those acts and, if Plaintiffs are successful in proving that they are unconstitutional, Plaintiffs can still obtain all of the relief that they seek from the other Defendants. *See* Defs.' Mot. at 7 (conceding that "Plaintiffs could obtain full relief for their alleged injuries through injunctive relief against" the Defendants other than the President); *see also Swan*, 100 F.3d at 978 ("In most cases, any conflict between the desire to avoid confronting the elected head of a coequal branch of government and to ensure the rule of law can be successfully bypassed, because the injury at issue can be rectified by injunctive relief against subordinate officials.").

Plaintiffs raise a number of arguments against dismissal of the President, but none of them are persuasive. First, Plaintiffs argue that the case law cited above addresses whether injunctive and declaratory relief is available against the President, not whether the President must be dismissed from a civil lawsuit altogether. This is true. However, the Court's decision, informed by this case law, that it will not grant relief against the President still counsels in favor of dismissing him as a party from this case. It makes little sense to retain a party in a case from whom no relief will be granted under ordinary circumstances, and especially little sense when retaining that party risks unnecessary constitutional confrontations. By this ruling the Court does not, as Plaintiffs suggest, announce a new rule of "absolute immunity" for the President from civil suits for equitable relief. The Court merely holds that on the particular facts of this case—

5

where no relief is available from the President himself, the Court can review the policy at issue without the President as a party, and Plaintiffs can obtain all of the relief that they seek from other Defendants—there is no sound reason for risking constitutional confrontations by retaining the President as a Defendant.[3]

Second, Plaintiffs point out that Defendants did not move to dismiss the President earlier, and suggest that Defendants are only now seeking to do so now in order to avoid the President having to respond to pending discovery requests. Defendants' motion was technically timely. A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). More importantly, even assuming that Plaintiffs are correct about Defendants' motive in moving to dismiss the President, the Court would hesitate to deny the motion on that basis. Regardless of the motivation for filing it, Defendants' motion presents sound reasons for dismissing the President based on well-established separation of power principles set forth in United States Supreme Court and D.C. Circuit precedent. Plaintiffs argue that if the President is dismissed, seeking discovery from him will be more difficult. Pls.' Opp'n at 1-2. But it would not be appropriate to retain the President as a party to this case simply because it will be more complicated to seek discovery from him if he is dismissed. To the extent that there exists relevant and appropriate discovery related to the President, Plaintiffs will still be able to obtain that discovery despite the President not being a party to the case.

---

[3] Plaintiffs point to a number of cases where the President has been a named party. *See, e.g.*, Pls.' Opp'n at 4. But in those cases, the issue of dismissing the President as a party does not appear to have been raised or analyzed. The Court is unwilling to interpret those Courts' silence as an implicit holding on whether retaining the President under the present circumstances is appropriate. *Cf. Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 144 (2011) ("When a potential jurisdictional defect is neither noted nor discussed in a federal decision, the decision does not stand for the proposition that no defect existed.").

6

Third, Plaintiffs cite *Nat'l Treasury Employees Union v. Nixon*, 492 F.2d 587 (D.C. Cir. 1974) ("*NTEU*") for the proposition that "no immunity established under any case known to this Court bars every suit against the President for injunctive, declaratory or mandamus relief." *Id.* at 609. As an initial matter, *NTEU* predated the Supreme Court's decision in *Franklin*—which warned that injunctive relief against the President personally is an extraordinary measure not lightly to be undertaken—and accordingly the D.C. Circuit has commented that "[i]t is not entirely clear, of course, whether, and to what extent, [that] decision[ ] remain[s] good law." *Swan*, 100 F.3d at 978. Regardless, *NTEU* is distinguishable. That case dealt with the question—left open by *Mississippi v. Johnson*—of "whether a court can compel the President to perform a *ministerial* act" (in that case, adjusting the pay of federal employees as required by an act of Congress). *Id.* at 607 (emphasis added). "A ministerial duty . . . is one in respect to which nothing is left to discretion." *State of Mississippi v. Johnson*, 71 U.S. at 498. "It is a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law." *Id.* The acts of the President at issue in this case cannot plausibly be considered "ministerial." In addition, the court in *NTEU* distinguished the facts of that case from those in *Mississippi v. Johnson* by noting that "[i]n sharp contrast to *Mississippi v. Johnson* are the circumstances of this suit wherein failure to permit the President to be sued on the ground of separation of powers would prevent the appellant from enforcing its legal rights in federal court." *NTEU* at 614-15. In this case, as discussed above, Plaintiffs will be able to enforce their legal rights and obtain all relief sought in this case without the President as a party.

In sum, the Court GRANTS Defendants' Partial Motion for Judgment on the Pleadings and to Partially Dissolve the Preliminary Injunction. The President will be dismissed as a

Defendant and the Court's preliminary injunction will be dissolved only as it applies to the President.

**B. Motion for a Protective Order**

Through their Motion for a Protective Order, Defendants sought an order excusing the President himself from responding to certain discovery requests Plaintiffs had issued to him as a party in this case. Because the President will no longer be a party in this case, he will not personally be obligated to respond to those requests. Defendants' motion is accordingly MOOT and will be DENIED on that basis. However, the Court reiterates that dismissing the President as a party to this case does not mean that Plaintiffs are prevented from pursuing discovery related to the President. The Court understands that the parties dispute whether discovery related to the President which has been sought by Plaintiffs is precluded by the deliberative process or presidential communication privileges, and the Court makes no ruling on those disputes at this point.[4] The Court will be issuing further opinions addressing other dispositive motions that have been filed in this case. After all of those opinions have been issued, if necessary, the Court will give the parties further guidance on the resolution of the discovery disputes in this case.[5]

---

[4] The Court is aware that the court in *Karnoski v. Trump*, No. C17-1297-MJP (W.D. Wash.), has recently ordered Defendants to produce materials that they have withheld on the basis of privilege and that Defendants have sought appellate review of that order.

[5] Restating the arguments in their Partial Motion for Judgment on the Pleadings and Motion to Partially Dissolve the Preliminary Injunction, Defendants argue in their recently-filed Motion to Dismiss that the Court should "dismiss Plaintiffs' claims against the President because any alleged injury caused by the President is not redressable." Defs.' Mem. in Support of Mot. to Dismiss Pls.' 2d Amended Compl. or, in the Alternative, for Summ. J., ECF No. 115, at 14-17. Because the President will be dismissed as a party, these aspects of Defendants' Motion to Dismiss are now moot.

## III. CONCLUSION

For the foregoing reasons, the Court will GRANT Defendants' Partial Motion for Judgment on the Pleadings and to Partially Dissolve the Preliminary Injunction, and DENY as MOOT Defendants' Motion for a Protective Order. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge