**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOE 2 *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 17-cv-1597 (CKK) |
| v. ) | |
| ) | |
| DONALD J. TRUMP, in his official capacity as ) | |
| President of the United States, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PARTIES' JOINT STATUS REPORT IN RESPONSE TO AUGUST 27, 2018 ORDER**

In its Minute Order dated August 27, 2018, the Court ordered the parties to "file a Joint

Status Report … propos[ing] a plan for moving forward toward a timely resolution of this case,"

"includ[ing] a proposed protocol for the efficient resolution of the parties' outstanding discovery

disputes."  The parties have conferred and set out their joint position as follows:

At present, there remain numerous disputes between the parties regarding the need for

and the scope and application of discovery including discovery of materials subject to the

presidential communications privilege and the deliberative process privilege.  The parties agree

that pursuing additional discovery without the Court first resolving these disputes would not be

an efficient use of the parties' (or the Court's) time and resources.  For example, in the

depositions of Martie Soper, Mary Kreuger, and Jennifer Hay, all carried out before discovery

was effectively paused to allow the Court to consider the parties' dispositive motions, Plaintiffs

sought information the Government claimed was subject to the above-mentioned privileges and

the Government instructed the witnesses not to answer on the basis of one or both of those

privileges.  Plaintiffs held each of those depositions open[1] on the ground that the Government's assertions of privilege were overbroad and the Government reserved their rights to object to the reopening of those depositions.  Were depositions to resume before the Court were to rule on these outstanding issues, it is likely that the same issues would arise, such that the parties and witnesses would devote significant resources to depositions that Plaintiffs would seek to reopen after the Court had issued its guidance.

Accordingly, the parties propose that the Court order the following procedures for resolution of outstanding disputes before depositions and other discovery resume:

- **September 17, 2018** — Deadline for the parties to meet and confer to identify outstanding issues for the Court's resolution.

- **October 9, 2018** — The parties file opening motions addressing the outstanding issues identified during the meet and confer process, including if necessary Plaintiffs' motion to compel materials protected by the deliberative process privilege and Defendants' motion for a protective order concerning presidential communications and deliberations in the possession of Defendants.

- **October 30, 2018** — The parties file crossing response briefs.[2]

---

[1]     Defendants do not agree that Plaintiffs held the deposition of Martie Soper open and reserve their rights to object to the reopening of that deposition.

[2]     The Government proposes three rounds of briefing—opening motions, oppositions, and replies, as permitted by the Local Rules.  In addition to the schedule agreed upon above the Government proposes November 13, 2018 as the due date for replies.  Given the significant overlap in issues to be briefed between the two motions, Plaintiffs believe that three rounds of briefing is excessive and submit that crossing opening and response briefs more than suffice to apprise the Court of relevant legal argument and factual matters.  Defendants believe that devoting an additional two weeks to reply briefs, given the significance of the issues at stake and the potential for appellate review, is appropriate.

The parties further propose that, following the Court's ruling on these outstanding issues, they again meet and confer to propose a schedule for completing discovery in view of the Court's order.

September 10, 2018


Matthew E. Miller (*pro hac vice*)
Kathleen M. Brill (*pro hac vice*)
Michael Licker (*pro hac vice*)
Rachel C. Hutchinson (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone: 617-832-1000
Fax: 617-832-7000

Theresa M. Roosevelt (D.C. Bar No.
1021853)
FOLEY HOAG LLP
1717 K Street NW
Washington, DC 20006
Telephone: 202-223-1200
Fax: 202-785-6687

Jennifer Levi (*pro hac vice*)
Mary L. Bonauto (*pro hac vice*)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont St., Ste. 950
Boston, Massachusetts 02108
Telephone: 617-426-1350
Fax: 617-426-3594

Shannon P. Minter (*pro hac vice*)
Amy Whelan (*pro hac vice*)
Chris Stoll (*pro hac vice*)
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market St., Ste. 370
San Francisco, California 94102
Telephone: 415-392-6257
Fax: 415-392-8442

Respectfully submitted,

/s/  Alan E. Schoenfeld
Alan E. Schoenfeld (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE & DORR LLP
7 World Trade Center
250 Greenwich St.
New York, New York 10007
Telephone: 212-230-8800
Fax: 212-230-8888

Paul R.Q. Wolfson (D.C. Bar No. 414759)
Kevin M. Lamb (D.C. Bar No. 1030783)
WILMER CUTLER PICKERING
    HALE & DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Telephone: 202-663-6000
Fax: 202-663-6363

Christopher R. Looney (*pro hac vice*)
Harriet Hoder (*pro hac vice*)
Adam M. Cambier (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE & DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: 617-526-6000
Fax: 617-526-5000

Nancy Lynn Schroeder (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE & DORR LLP
350 S. Grand Ave., Ste. 2100
Los Angeles, California 90071
Telephone: 213-443-5300
Fax: 213-443-5400

*Attorneys for Plaintiffs*

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Branch Director

ANTHONY J. COPPOLINO
Deputy Director

/s/ Andrew E. Carmichael _____
ANDREW E. CARMICHAEL
Trial Attorney

United States Department of Justice
Civil Division, Federal Programs Branch
Telephone: (202) 514-3346
Email: andrew.e.carmichael@usdoj.gov

*Attorneys for Defendants*