# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE 2, *et al.*,<br>    Plaintiffs<br><br>v.<br><br>PATRICK M. SHANAHAN, *et al.*,[1]<br>    Defendants | Civil Action No. 17-1597 (CKK) |

## ORDER
(January 30, 2019)

      Currently pending before the Court are Plaintiffs' [109] Motion to Compel Compliance with Subpoenas for Production of Documents Directed to Nonparties Family Research Council and Heritage Foundation and [169] Motion to Compel Production of Documents and Information Withheld Under the Deliberative Process Privilege. Also currently pending before the Court are Defendants' [170] Motion for a Protective Order and [171] Motion for a Protective Order. Each of these motions concern the same issue: the permissible breadth and depth of Plaintiffs' discovery requests.

      This issue is affected by the United States Court of Appeals for the District of Columbia Circuit's ("D.C. Circuit") per curiam Judgment issued on January 4, 2019. In that decision, the D.C. Circuit reversed this Court's denial of the government's motion to dissolve the preliminary injunction. The D.C. Circuit further vacated without prejudice this Court's preliminary injunction.

      In its Judgment, the D.C. Circuit made statements potentially affecting the subjects for which discovery is permissible. Specifically, the D.C. Circuit stated that this Court "made an erroneous finding that the Mattis Plan was not a new policy but rather an implementation of the policy directives enjoined in October 2017." *Jane Doe 2 v. Shanahan*, No. 18-5257, at 2 (D.C. Cir. Jan. 2, 2019) (per curiam). The D.C. Circuit explained that, prior to issuing the Mattis Plan, the government had taken substantial steps to cure the deficiencies in the 2017 Presidential Memorandum including "the creation of a panel of military and medical experts, the consideration of new evidence gleaned from the implementation of the policy on the service of transgender individuals instituted by then-Secretary of Defense Ash Carter ('the Carter Policy'), and a reassessment of the priorities of the group that produced the Carter Policy." *Id.* at 2-3.

      In addition to the D.C. Circuit's per curiam Judgment, the United States Supreme Court recently issued a relevant Order in *Trump v. Karnoski*. Order List: 586 U.S. 18A625 (Jan. 22, 2019). In *Karnoski*, the United States District Court for the Western District of Washington issued a preliminary injunction enjoining the government from taking any action on transgender individuals in the military inconsistent with the status quo that existed prior to the 2017 Presidential Memorandum. No. 17-1297, 2017 WL 6311305, at *10 (W.D. Wash. Dec. 11, 2017). Subsequently, on January 22, 2019, the Supreme Court issued an Order staying the district

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Patrick M. Shanahan is substituted in his official capacity as Acting United States Secretary of Defense.

court's preliminary injunction "pending disposition of the Government's appeal in the United States Court of Appeals for the Ninth Circuit and disposition of the Government's petition for a writ of certiorari, if such writ is sought." *Trump v. Karnoski*, Order List: 586 U.S. 18A625 (Jan. 22, 2019). While the Supreme Court's Order contained no legal justification for staying the district court's preliminary injunction, the Order may still be relevant to the parties' discovery disputes.

Based on the recent decisions by the D.C. Circuit and the Supreme Court, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' [109] Motion to Compel Compliance with Subpoenas for Production of Documents Directed to Nonparties Family Research Council and Heritage Foundation, Plaintiffs' [169] Motion to Compel Production of Documents and Information Withheld Under the Deliberative Process Privilege, Defendants' [170] Motion for a Protective Order, and Defendants' [171] Motion for a Protective Order. The Court **ORDERS** the parties to meet and confer regarding the scope and breadth of discovery as the case now stands. The parties should particularly focus on how the scope and breadth of permissible discovery is affected by the D.C. Circuit's determination that the Mattis Plan is not a continuation of the 2017 Presidential Memorandum but is instead a new plan. The parties are **ORDERED** to file a Joint Status Report by FEBRUARY 26, 2019, informing the Court on how the parties intend to proceed with discovery.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge