**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JANE DOE 2, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 17-cv-1597 (CKK) |
| v. | ) | |
| | ) | |
| PATRICK SHANAHAN, in his official capacity as Secretary of the Department of Defense, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR NOTICE AND,
IN THE ALTERNATIVE, REQUEST FOR A STAY**

The only logical reading of the D.C. Circuit's judgment vacating the preliminary injunction in *Doe 2 v. Shanahan*, No. 18-5257, 2019 WL 102309 (D.C. Cir. Jan. 4, 2019) (per curiam), is that the judgment was immediately effective and the preliminary injunction is no longer in effect. The Court should reject Plaintiffs' arguments concerning the issuance of the mandate for the reasons set forth below. Alternatively, in an abundance of caution, the Government requests that, to the extent that the preliminary injunction remains in effect, the Court grant a stay of the preliminary injunction pending issuance of the D.C. Circuit's mandate and any further appellate proceedings.

**A. This Court's Preliminary Injunction Is No Longer In Effect**

On January 4, 2019, the D.C. Circuit, on its own authority, ordered that "the preliminary injunction is VACATED" and simultaneously denied Defendants' stay motion "as moot." *Id.* at *1. The D.C. Circuit's decision to deny the stay motion as moot necessarily presumes that this Court's injunction does not remain in effect. Plaintiffs' arguments to the contrary are meritless. *First*, Plaintiffs contend that the D.C. Circuit may have denied the Government's stay motion as moot because "with the [D.C. Circuit's] decision having issued, the stay request no longer needed to be decided." Plfs.' Resp. 3, Dkt. 191. But the stay request would no longer need to be decided

only if the D.C. Circuit's judgment was immediately effective in vacating the preliminary injunction. By contrast, if the preliminary injunction remained in effect, the Government would still have a need for a stay, and the issue would not be moot. *Second*, Plaintiffs argue in the alternative that the D.C. Circuit may have denied the stay based on a lack of urgency. *Id.* However, that would have been a denial on the merits, not a denial of the stay motion as moot. Mootness means a lack of a live controversy, and the only way there would be no live controversy over Defendants' motion to stay the injunction is if the injunction was no longer in place. *See Akiachak Native Cmty. v. United States Dep't of Interior*, 827 F.3d 100, 105 (D.C. Cir. 2016) (noting that a case was "classically moot for lack of a live controversy").

Plaintiffs argue that the D.C. Circuit's decision is not final because the mandate has not yet issued. *See* Plfs.' Resp. 1, Dkt. 191. The distinction between the issuance of the court's judgment and the issuance of the court's mandate is a technical one that matters for some purposes but not others. *See Finberg v. Sullivan*, 658 F.2d 93, 97 n.5 (3d Cir. 1980) (en banc) (observing that "for most purposes, the entry of judgment, rather than the issuance of mandate, marks the effective end of a controversy on appeal," and that the "[i]ssuance of mandate is largely a ministerial function"). As discussed, the D.C. Circuit itself made clear that, for purposes of the status of the district court's injunction, the appellate court's judgment had immediate effect, as that was the necessary premise for holding the Government's stay motion to be moot. *See Doe 2 v. Shanahan*, 2019 WL 102309 at *1; *see also* Order (Jan. 30, 2019), Dkt. 188 (recognizing that the pending discovery issues are immediately "affected by" the D.C. Circuit's "per curiam judgment"). In the context of this case, it is clear that the D.C. Circuit, separate from the judgment, withheld issuance of the mandate for a different reason: namely, it wanted to extend Plaintiffs' time to seek rehearing until after separate concurring opinions were later issued, and to maintain its jurisdiction during

the time period for the issuance of those opinions and for rehearing.  *See* Order, *Doe 2*, No. 18-5257 (D.C. Cir. Jan. 31, 2019) (extending "the time for filing any petition for rehearing or petition for rehearing en banc" and "the issuance of the mandate herein until seven (7) days after resolution of any timely petition for rehearing or petition for rehearing en banc").  Thus, notwithstanding Plaintiffs' related objection that the Government has not moved for expedited issuance of the mandate, the D.C. Circuit has already made clear the remaining role of the mandate in this case.[1]

Plaintiffs note that the Chief Justice denied the Government's motion to stay the injunction in this case, while granting the Government's materially identical motions in the related *Karnoski* and *Stockman* cases.  *See* Plfs.' Resp. 1 n.1; *see also Trump v. Karnoski*, No. 18A625 (U.S. Jan. 22, 2019), and *Trump v. Stockman*, No. 18A627 (U.S. Jan. 22, 2019).  But this supports the Government's position.  Because the D.C. Circuit's judgment had already vacated the preliminary injunction, there was no need for the Supreme Court to grant Defendants' motion for a stay of the preliminary injunction pending the possibility of rehearing in the D.C. Circuit and in the Supreme Court.  Indeed, the Government informed the Supreme Court that rehearing proceedings could arise in the D.C. Circuit, and if the Supreme Court believed that the preliminary injunction was still in effect during that period, the Court presumably would have granted the stay, just as in

---

[1] The cases cited by Plaintiffs are inapposite.  *See Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 98 (3d Cir. 1988) (holding that the district court had jurisdiction over a collateral Rule 11 motion, in part because the mandate had not yet issued and thus "the litigation had not yet come to an end"); *United States v. DeFries*, 129 F.3d 1293, 1303 (D.C. Cir. 1997) (holding that the district court did not have jurisdiction to proceed with trial where the appellate court had reversed the district court's grant of a motion to dismiss but had not yet issued the panel opinion vacating the mandate); *Nat. Res. Def. Council, Inc. v. Cty. of Los Angeles*, 725 F.3d 1194, 1203 (9th Cir. 2013) (holding that the court was free to reconsider the merits of an argument because the mandate had not yet issued); *United States v. Jackson*, 549 F.3d 963, 979 (5th Cir. 2008) (noting that for purposes of impeachment, a criminal defendant's "convictions did not cease to exist when the panel opinion vacating them was entered"); *Flagship Marine Servs., Inc. v. Belcher Towing Co.*, 23 F.3d 341, 343 (11th Cir. 1994) (holding that when a case is settled after the appellate mandate has issued, any opinion issued during that appeal should not be vacated).

*Karnoski* and *Stockman*.  *See* Gov't Letter 2, *Trump v. Doe 2*, No. 18-677 (U.S Jan. 4, 2019) (informing the Supreme Court that it could "hold the government's petition and stay application in *Doe* to account for the possibility that the *Doe* [plaintiffs] may seek en banc review in the D.C. Circuit," the grant of which would vacate the per curiam judgment).  For these reasons, the D.C. Circuit's judgment was immediately effective, this Court's preliminary injunction is no longer in effect, and there is no longer any impediment to the military's implementation of its new policy.

Plaintiffs argue in their Supplemental Response that DoD's Directive-type Memorandum (DTM)-19-004 ("DTM") issued on March 12, 2019 violates the preliminary injunction.  *See* Plfs.' Supp. Resp. 2, Dkt. 192.  But even assuming the preliminary injunction were still in effect, the DTM does not take effect until April 12, 2019, as Plaintiffs acknowledge.  *See id.* at 1.  And because the DTM has not yet taken effect, it has not yet altered the status quo; put differently, the military continues to maintain the Carter policy.  Thus, even under Plaintiffs' incorrect view that the preliminary injunction is still in effect, the mere announcement of the DTM would not violate that injunction.

**B.   This Court May, In The Alternative, Enter A Stay Of Any Preliminary Injunction**

Alternatively, to the extent the Court agrees with Plaintiffs that the preliminary injunction is still in effect, then the Government requests that the Court grant a stay of any preliminary injunction pending issuance of the D.C. Circuit's mandate and any further appellate proceedings.[2]

The D.C. Circuit has made clear that this preliminary injunction is clearly erroneous. *See Doe 2*, 2019 WL 102309 at *2 (concluding that "[i]t was clear error to say there was no significant change with respect to at least two aspects of [the Mattis] policy" and that "the District Court erred in finding that the Mattis Plan was a blanket transgender ban"); *see also Doe 2 v. Shanahan*, No. 18-5257, 2019 WL 1086495, at *10–*11 (D.C. Cir. Mar. 8, 2019) (Williams, J., concurring in result) (exhaustively explaining why "the record and the law require dismissal of plaintiffs' claims" and faulting Plaintiffs for "writ[ing] off the entire Mattis policy (along with the extensive supporting study) as fruit of the poisonous tweet"); *id.* at *5 (Wilkins, J., concurring) (rejecting "the lynchpin" of Plaintiffs' argument—namely, "that transgender persons who desire to serve in

---

[2] This Court retains jurisdiction to stay its preliminary injunction pending issuance of the D.C. Circuit's mandate. *See* Fed. R. Civ. P. 62(c) (specifically providing that while an appeal is pending, the district court may "suspend, modify, restore, or grant an injunction"); Fed. R. App. P. 8(a)(1)(c) ("A party must ordinarily move first in the district court for . . . an order suspending, modifying, restoring, or granting an injunction while an appeal is pending."). To the extent Plaintiffs are implying that this Court does not have jurisdiction to stay its preliminary injunction and only has jurisdiction to enforce its preliminary injunction, *see* Plfs.' Resp. 2 n.2, this is clearly wrong. "The plain language of Rule 62(c) allows the district court to '*suspend*, modify, restore, or grant an injunction' during the pendency of the defendant's interlocutory appeal, and such action can inure to the benefit of plaintiffs or defendants." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (emphasis added); *see also* 11A Wright and Miller, Federal Practice and Procedure § 2962 ("The only restriction on the trial court's power occurs if the appellate court enters an order staying the lower court until the appeal has been completed."). The cases cited by Plaintiffs do not hold otherwise. *See Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 820 (5th Cir. 1989) (explaining that the district court had authority to suspend an injunction pending appeal but lacked authority to dissolve the injunction and divest the court of appeals of jurisdiction); *International Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Eastern Air Lines, Inc.*, 847 F.2d 1014, 1018 (2d Cir. 1988) (explaining that the district court's issuance of a new injunction after the appeal had been taken exceeded its authority under Federal Rule of Civil Procedure 62(c)).

their biological sex are not really transgender").  The D.C. Circuit further emphasized that "the public interest weighs in favor of dissolving the injunction," *Doe 2*, 2019 WL 102309 at *3, so it is clear that the public interest similarly weighs in favor of staying the erroneous preliminary injunction.

Additionally, the Supreme Court has stayed the materially indistinguishable injunctions in *Trump v. Karnoski*, No. 18A625 (U.S. Jan. 22, 2019), and *Trump v. Stockman*, No. 18A627 (U.S. Jan. 22, 2019).  The Supreme Court's application of the stay factors is controlling here.

Under these circumstances, a stay of any preliminary injunction would be entirely appropriate even if the Court concluded it was still in effect.  The Court thus does not need to resolve the issues that Plaintiffs raise with respect to the technical distinctions in this case regarding the D.C. Circuit's judgment and any subsequent mandate.  Rather, regardless of Plaintiffs' assertion that a preliminary injunction remains in effect, this Court should expeditiously order that any preliminary injunction is stayed.  *See Stone v. Trump*, No 1:17-cv-02459-GLR (D. Md. Mar. 7, 2019) (Dkt. 249) (staying the *Stone* preliminary injunction in its entirety based on the Supreme Court's stays in *Karnoski* and *Stockman* and rejecting plaintiffs' arguments that the individual *Stone* plaintiffs should be treated differently).

March 15, 2019                                        Respectfully submitted,


                                                     JOSEPH H. HUNT
                                                     Assistant Attorney General
                                                     Civil Division

                                                     BRETT A. SHUMATE
                                                     Deputy Assistant Attorney General

                                                     JOHN R. GRIFFITHS
                                                     Branch Director

                                                     ANTHONY J. COPPOLINO
                                                     Deputy Director

                                                     /s/ Andrew E. Carmichael_____
                                                     ANDREW E. CARMICHAEL
                                                     Trial Attorney
                                                     United States Department of Justice
                                                     Civil Division, Federal Programs Branch
                                                     Telephone: (202) 514-3346
                                                     Email: andrew.e.carmichael@usdoj.gov

                                                     *Attorneys for Defendants*