**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOE 2, *et al.*,<br>    Plaintiffs<br>        v.<br>PATRICK SHANAHAN, *et al.*,<br>    Defendants | Civil Action No. 17-1597 (CKK) |

**NOTICE**
(March 19, 2019)

The Court is in receipt of Defendants' [190] Notice. In their Notice, Defendants informed the Court that, as there was no longer an impediment to the military's implementation of the Mattis Policy, Defendants intended to release a Directive-Type Memorandum ("DTM") formally implementing the new policy in the near future. Four days later, Defendants released the DTM. The DTM will formally take effect 30 days after its release, on April 12, 2019.

Defendants were incorrect in claiming that there was no longer an impediment to the military's implementation of the Mattis Policy in this case. Originally, there were four nationwide preliminary injunctions mandating that Defendants maintain the status quo. However, on January 22, 2019, the Supreme Court of the United States issued a short order staying the nationwide preliminary injunctions which had been in place in the United States District Court for the Western District of Washington and the United States District Court for the Central District of California. And, on March 7, 2019, the United States District Court for the District of Maryland stayed its own nationwide preliminary injunction. Accordingly, three of the nationwide preliminary injunctions which had been in place are now stayed.

But, the nationwide preliminary injunction issued by this Court remains in place. On October 30, 2017, this Court issued a preliminary injunction directing Defendants "to revert to the *status quo* with regard to accession and retention that existed before the issuance of the

Presidential Memorandum." Oct. 30, 2017 Memorandum Opinion, ECF No. 61, 4. On January 4, 2019, the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") issued a per curiam opinion vacating this Court's preliminary injunction. *Jane Doe 2 v. Shanahan*, No. 18-5257, Jan. 4, 2019 Judgment. However, that Judgment has not been made final through a mandate.

In their opinion, the D.C. Circuit ordered the Clerk of the Court "to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc." *Jane Doe 2*, No. 18-5257, Jan. 4, 2019 Judgment, 5. Usually, a party has 45 days to file a petition for rehearing or for rehearing en banc when an officer of the United States is sued in an official capacity. Fed. R. App. P. 40(a). Under the Rules, Plaintiffs' petition for rehearing or for rehearing en banc would have been due February 18, 2019. But, on January 31, 2019, the D.C. Circuit ordered, on its own motion, that the time for filing any petition for rehearing or petition for rehearing en banc be extended to 21 days after the issuance of the court's forthcoming separate opinions. *Jane Doe 2*, No. 18-5257, Jan. 31, 2019 Order. The D.C. Circuit's separate opinions were filed on March 8, 2019. Accordingly, Plaintiffs have until March 29, 2019 to file for rehearing or rehearing en banc. As of this date, Plaintiffs' time has not expired. As such, the D.C. Circuit's mandate vacating this Court's preliminary injunction has not issued, and the mandate will not issue until March 29, 2019, at the earliest.

Absent a mandate, the D.C. Circuit's January 4, 2019 Judgment vacating this Court's preliminary injunction is not final. Under the Federal Rules of Appellate Procedure, "[t]he mandate is effective when issued." Fed. R. App. P. 41(c). And, as the Advisory Committee notes explain, "[a] court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed." Fed. R. App. P. 41(c) Advisory Committee's notes

(1998). Lacking a mandate, the D.C. Circuit's Judgment is not final, and this Court's preliminary injunction remains in place. *See United States v. DeFries*, 129 F.3d 1293, 1302-1304 (D.C. Cir. 1997) (finding that the D.C. Circuit's judgment was not final absent a mandate).

The fact that the three other nationwide preliminary injunctions which had been in place are now stayed has no impact on the continued effectiveness of this Court's preliminary injunction. On October 30, 2017, this Court ordered Defendants to maintain the status quo as it relates to the accession and retention of transgender individuals in the military. That preliminary injunction remains in place until the D.C. Circuit issues its mandate vacating the preliminary injunction. Lacking a mandate, Defendants remain bound by this Court's preliminary injunction to maintain the status quo.  The Court understands, as a practical matter, that because the three other nationwide preliminary injunctions are now stayed, Defendants are permitted by those cases to implement the DTM, but they are not permitted to do so in this case until the mandate is issued.

      /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge