**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOE 2, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>PATRICK SHANAHAN, in his official capacity as acting Secretary of Defense, *et al.*,<br><br>      Defendants. | Case 1:17-cv-01597-CKK |

**DEFENDANTS' RENEWED MOTION TO STAY THE PRELIMINARY
INJUNCTION AND REQUEST FOR EXPEDITED RULING**

Defendants respectfully request a stay of the Court's nationwide preliminary injunction pending issuance of the D.C. Circuit's mandate and any further appellate proceedings relating to this Court's order denying Defendants' motion to dissolve the preliminary injunction.[1] Dkt. 157. Although Defendants previously moved to stay the preliminary injunction pending appeal, Dkt. 183, the Supreme Court has since stayed in their entirety materially indistinguishable injunctions in *Trump v. Karnoski*, No. 18A625 (U.S. Jan. 22, 2019), and *Trump v. Stockman*, No. 18A627 (U.S. Jan. 22, 2019).[2] The Supreme Court's application of the stay

---

[1] Defendants respectfully maintain that the correct reading of the D.C. Circuit's judgment vacating the preliminary injunction in *Doe 2 v. Shanahan*, No. 18-5257, 2019 WL 102309 (D.C. Cir. Jan. 4, 2019) (per curiam), is that the judgment was immediately effective and the preliminary injunction is no longer in effect. *See* Defs.' Reply in Supp. of their Notice, and, in the Alt., Request for a Stay, Dkt. 193. The D.C. Circuit's decision to deny the stay motion as moot necessarily presumes that this Court's injunction does not remain in effect. *Id.*

[2] This Court denied Defendants' previous stay motion, Dkt. 187, and the D.C. Circuit denied Defendants' stay motion as moot when it reversed this Court's denial of Defendants' motion to dissolve the preliminary injunction and vacated the preliminary injunction, *Doe 2*, 2019 WL 102309, at *1.

factors is binding on this Court and requires this Court to stay its preliminary injunction pending further appellate proceedings. The court in *Stone* recently confirmed this conclusion by staying its own materially indistinguishable injunction in its entirety because of the Supreme Court's order. *See Stone v. Trump*, No 17-cv-2459 (D. Md. Mar. 7, 2019), Dkt. 249. In light of the fact that the Department of Defense's Directive-type Memorandum (DTM)-19-004, issued on March 12, 2019, is set to take effect on April 12, 2019, Defendants respectfully request a ruling on this stay motion as expeditiously as possible.[3]

## PROCEDURAL BACKGROUND[4]

Plaintiffs filed this action on August 9, 2017, raising constitutional challenges to the President's statements on Twitter concerning military service by transgender individuals. Compl., Dkt. 1.[5] Similar suits were filed in the Western District of Washington, the District of Maryland, and the Central District of California. *See Karnoski v. Trump*, No. 17-cv-1297 (W.D. Wash. filed Aug. 28, 2017); *Stone v. Trump*, No. 17-cv-2459 (D. Md. filed Aug. 28, 2017); *Stockman v. Trump*, No. 17-cv-1799 (C.D. Cal. filed Sept. 5, 2017).

In October 2017, the Court issued a nationwide preliminary injunction, requiring the military "to revert to the *status quo* with regard to accession and retention that existed before

---

[3] Counsel for Defendants conferred with counsel for Plaintiffs, who indicated that Plaintiffs oppose this motion.

[4] The background regarding the creation of the military's new policy is set forth in Defendants' motion to dissolve the preliminary injunction. *See* Defs.' Mot. 3–9, Dkt. 96 (refiled as Dkt. 116).

[5] After DoD issued its new policy in March 2018, Plaintiffs filed their second amended complaint. Second Am. Compl., Dkt. 106. Plaintiffs challenge the constitutionality of what they characterize as a "ban on military service by transgender individuals," *id.* ¶ 1, as allegedly "announced in . . . tweets [by the President on July 26, 2017,] promulgated to the Department of Defense in [the Presidential] Memorandum" issued on August 25, 2017, and finalized in DoD's new policy dated February 22, 2018, *id.* ¶ 83; *see also id.* ¶¶ 37, 38, 74, 75, 79, 80, 85.

the issuance of" the Presidential Memorandum, dated August 25, 2017. Order, Dkt. 60. The Government appealed, *see* Dkt. 66, and sought a partial stay so that the military would not have to implement the accession standards set forth in the policy put in place in June 2016 by then-Secretary of Defense Ash Carter (the "Carter policy") before finishing its review of those standards, Defs.' Mot. 1, Dkt. 73; *see* Gov't Stay Mot., *Doe 1 v. Trump*, No. 17-5267, (D.C. Cir. Dec. 11, 2017). After both this Court and the Court of Appeals denied a stay, Order, Dkt. 75; *see Doe 1 v. Trump*, No. 17-5267, 2017 WL 6553389, at *1 (D.C. Cir. Dec. 22, 2017) (per curiam), the Government dismissed its appeal on the expectation that Secretary Mattis would soon be proposing a final policy that would render any appeal moot, *Doe 1 v. Trump*, No. 17-5267, Doc.1711445 (D.C. Cir. Jan. 4, 2018).

In March 2018, the Government informed the district court that the President had issued a new memorandum, which revoked his 2017 memorandum (and any similar directive) and allowed the military to adopt Secretary Mattis's proposed policy. *See* Defs.' Notice, Dkt. 95; *see also* Defs.' Mot. to Dissolve the Prelim. Inj., Dkt. 96 (refiled as Dkt. 116). In light of that new policy, the Government moved to dissolve the October 2017 injunction. Defs.' Mot. to Dissolve the Prelim. Inj., Dkt. 96 (refiled as Dkt. 116).

In March 2018, the Government also moved to dissolve the three nationwide injunctions issued in the related litigation. *Karnoski v. Trump*, No. 17-cv-1297 (W.D. Wash.), Dkt. 215; *Stockman v. Trump*, No. 17-cv-1799 (C.D. Cal.), Dkt. 82; *Stone v. Trump*, No. 17-cv-2459 (D. Md.), Dkt. 120. The Government's motion to dissolve the preliminary injunction remains pending in *Stone*, but in *Karnoski* and *Stockman*, the district courts denied the Government's motions and declined to dissolve the preliminary injunction. *Karnoski v. Trump*, No. 17-cv-1297 (W.D. Wash.), Dkt. 233; *Stockman v. Trump*, No. 17-cv-1799 (C.D. Cal.), Dkt. 124. The Government appealed in both cases. *Karnoski v. Trump*, No. 18-35347 (9th Cir.);

*Stockman v. Trump*, No. 18-56539 (9th Cir.). And in both cases the Government further sought a stay of the district court injunctions pending appeal. *Karnoski v. Trump*, No. 17-cv-1297 (W.D. Wash.), Dkt. 238; *Stockman v. Trump*, No. 17-cv-1799 (C.D. Cal.), Dkt. 130.

In August 2018, this Court denied the Government's motion to dissolve the preliminary injunction. Order, Dkt. 156; Mem. Op., Dkt. 157. The Court characterized the Department of Defense's ("DoD's") new policy as a plan that merely "*implements* the President's 2017 directives that the military not allow transgender individuals to serve in the military." Mem. Op. 24. And it dismissed the development of DoD's new policy and accompanying report as "*post hoc* processes" that "appear to have been constrained by, and not truly independent from, the President's initial policy decisions." *Id.* at 33. The Court therefore concluded that "the circumstances of this case" had not "in fact genuinely changed in such a way that the . . . preliminary injunction is no longer warranted." *Id.* at 31.[6]

The Government appealed. While the appeal was pending, the Government filed a motion for a stay of the preliminary injunction, Dkt. 183, which this Court denied, Dkt. 187. The Government subsequently filed a motion for a stay pending appeal in the Court of Appeals for the D.C. Circuit. *See* Government's M. for Stay Pending Appeal, *Doe 2 v. Shanahan*, No. 18-5257, Doc. 1762789 (D.C. Cir. Dec. 3, 2018).

On January 4, 2019, the D.C. Circuit reversed the Court's denial of Defendants' motion to dissolve the preliminary injunction and vacated the preliminary injunction. *Doe*, 2019 WL 102309, at *1. The D.C. Circuit reviewed the Court's denial of the Government's

---

[6] In a separate order, the Court dismissed the President as a party and dissolved the preliminary injunction "only to the extent it ran against the President." Order, Dkt. 154; Mem. Op., Dkt. 155. The Court explained that "[s]ound separation-of-powers principles counsel the Court against granting [injunctive or declaratory] relief against the President directly." Mem. Op. 3, Dkt. 155.

motion "under an abuse of discretion standard," *id.*, and found that the Court committed several "clear error[s]" in its analysis concerning Defendants' likelihood of success on the merits, *id.* at *2. Specifically, the "Court made an erroneous finding that the Mattis Plan was not a new policy but rather an implementation of the policy directives enjoined in October 2017," and the "Court made an erroneous finding that the Mattis Plan was the equivalent of a blanket ban on transgender service." *Id.* The D.C. Circuit further found that the "public interest weighs in favor of dissolving the injunction." *Id.* at *3. Because the D.C. Circuit vacated the preliminary injunction, it denied the Government's request to stay the preliminary injunction as moot. *Id.* at *1.

On January 22, 2019, the Supreme Court granted the Government's request for a complete stay of the district courts' preliminary injunctions in both *Karnoski* and *Stockman* pending the Government's Ninth Circuit appeal and disposition of the Government's petition for a writ of certiorari, if such writ is sought. *See Karnoski*, No. 18A625 (U.S. Jan. 22, 2019); *Stockman*, No. 18A627 (U.S. Jan. 22, 2019); *see also* Order, Dkt. 188 (recognizing the issuance of the Supreme Court's stay order).

In light of the Supreme Court's stay orders, on January 24, 2019, the Government moved to stay the preliminary injunction in *Stone v. Trump*. *See* Defs.' Mot. to Stay the Prelim. Inj. and Req. for Expedited Ruling, *Stone v. Trump*, No. 17-cv-2459 (D. Md. Jan. 24, 2019), Dkt. 234. Although the plaintiffs opposed a stay of the preliminary injunction as it applied to the individual plaintiffs, the *Stone* Court granted the Government's motion, concluding that "the Court is bound by the Supreme Court's decision to stay the preliminary injunctions in their entirety." Order at 6, *Stone v. Trump*, No. 17-cv-2459 (D. Md. Mar. 7, 2019), Dkt. 249.

After the *Stone* Court stayed the preliminary injunction, the Government informed all four courts that the Department of Defense intended to implement its new policy. *See, e.g.,*

Notice, Dkt. 190.   In doing so, Defendants explained that "the D.C. Circuit's judgment vacating this Court's preliminary injunction took effect when entered.   In confirmation of this fact, the D.C. Circuit denied Defendant's stay motion 'as moot,' a ruling that necessarily presumes that this Court's injunction does not remain in effect." *Id.* (quoting *Doe 2*, 2019 WL 102309, at *2).

The parties submitted briefing concerning Defendants' Notice, in which the Government made an alternative request for a stay of any preliminary injunction.  *See* Defs.' Reply in Supp. of their Notice, and, in the Alt., Request for a Stay, Dkt. 193.  On March 19, 2019, the Court issued a Notice stating that "the nationwide preliminary injunction issued by this Court remains in place." Dkt. 195.  The Court's Notice did not discuss the fact that the D.C. Circuit denied the Government's motion to stay the preliminary injunction as moot.  *See id.*  Nor did the Court's order discuss the Government's alternative request for a stay of any preliminary injunction that remained in place.  *See id.*  With regard to the Supreme Court orders in *Karnoski* and *Stockman*, the Court found "[t]he fact that the three other nationwide preliminary injunctions which had been in place are now stayed *has no impact* on the continued effectiveness of this Court's preliminary injunction." *Id.* at 3 (emphasis added).

The D.C. Circuit has vacated this Court's preliminary injunction, but even if it had not, the Supreme Court's action is binding here and must result in a stay of this Court's preliminary injunction, in its entirety, pending issuance of the D.C. Circuit's mandate and any further appellate proceedings relating to this Court's order denying Defendants' motion to dissolve the preliminary injunction.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 62(c), "while an appeal is pending from an interlocutory order that grants an injunction, such as here, a federal court may 'suspend,

modify, restore or grant an injunction.'" *In re Guantanamo Bay Detainee Litig.*, 706 F. Supp. 2d

120, 123 (D.D.C. 2010) (quoting Fed. R. Civ. P. 62(c)).  In considering whether to grant a stay

pending appeal, this Court considers four factors: (1) the applicant's likelihood of success on

the merits; (2) whether the applicant will suffer irreparable injury; (3) the balance of hardships

to other parties interested in the proceeding; and (4) the public interest.  *Nken v. Holder*, 556

U.S. 418, 434 (2009).  All of those factors support a stay of the preliminary injunction.[7]

The Supreme Court has issued stays of materially indistinguishable injunctions in two

related cases, *Karnoski*, No. 18A625 (U.S. Jan. 22, 2019), and *Stockman*, No. 18A627 (U.S. Jan.

22, 2019).  In each case, the district court entered a preliminary injunction requiring the military

to maintain the Carter policy and prohibiting the military from implementing its preferred

policy.  *Karnoski*, 2017 WL 6311305 (W.D. Wash. Dec. 11, 2017); *Stockman*, 2017 WL 9732572

(C.D. Cal. Dec. 22, 2017); *see* Mem. Op. 4 (Oct. 30, 2017), Dkt. 64.  In each case, the district

court declined to dissolve the preliminary injunctions.  *Karnoski v. Trump*, 2018 WL 1784464,

at *14 (W.D. Wash. Apr. 13, 2018); *Stockman v. Trump*, 331 F. Supp. 3d 990, 993 (C.D. Cal.

2018); *see also* Mem. Op. (Aug. 6, 2018), Dkt. 157.

The Supreme Court stayed the injunctions in their entirety even prior to the exercise

of its certiorari jurisdiction, and its assessment of the factors relevant to the stay determination

is, of course, binding on this Court.  *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) (holding

where precedent of the Supreme Court "has direct application in a case . . . [lower courts]

should follow the case which directly controls") (quoting *Rodriguez de Quijas v. Shearson/Am.*

---

[7] This Court retains jurisdiction to stay its preliminary injunction pending issuance of the D.C. Circuit's mandate.  *See* Fed. R. Civ. P. 62(c) (specifically providing that while an appeal is pending, the district court may "suspend, modify, restore, or grant an injunction"); Fed. R. App. P. 8(a) (explaining that "[a] party must ordinarily move first in the district court for . . . an order suspending, modifying, restoring, or granting an injunction while an appeal is pending," but that a motion "may be made to the court of appeals" in certain situations).

*Express, Inc.*, 490 U.S. 477, 484 (1989)). The Supreme Court's guidance could not be clearer, and no basis exists for barring implementation of a military policy that the Supreme Court has decreed should be allowed to go forward pending the ultimate disposition of the various challenges. *See Stone,* No. 17-cv-2459 (D. Md. Mar. 7, 2019), Dkt. 249 (staying the *Stone* preliminary injunction in its entirety based on the Supreme Court's stays in *Karnoski* and *Stockman* and rejecting plaintiffs' arguments that the individual *Stone* plaintiffs should be treated differently); *Int'l Refugee Assistance Project v. Trump*, 883 F.3d 233, 274 (4th Cir. 2018) (en banc) ("In light of the Supreme Court's order staying this injunction pending disposition of the Government's petition for a writ of certiorari, if such writ is sought, we stay our decision today pending the Supreme Court's decision.") (internal quotation marks and citation omitted); *see also Hawaii v. Trump*, 878 F.3d 662, 702 (9th Cir. 2017) ("In light of the Supreme Court's order staying this injunction pending disposition of the Government's petition for a writ of certiorari, if such writ is sought, we stay our decision today pending Supreme Court review." (internal quotation marks and citation omitted)).

A stay is particularly appropriate in this case because Defendants have already prevailed on their motion to dissolve the preliminary injunction in the D.C. Circuit. *See Doe 2*, 2019 WL 102309, at *2, (concluding that "[i]t was clear error to say there was no significant change with respect to at least two aspects of [the Mattis] policy" and that "the District Court erred in finding that the Mattis Plan was a blanket transgender ban"); *see also Doe 2 v. Shanahan*, No. 18-5257, 2019 WL 1086495, at *10–*11 (D.C. Cir. Mar. 8, 2019) (Williams, J., concurring in result) (exhaustively explaining why "the record and the law require dismissal of plaintiffs' claims" and faulting Plaintiffs for "writ[ing] off the entire Mattis policy (along with the extensive supporting study) as fruit of the poisonous tweet"); *id.* at *5 (Wilkins, J., concurring) (rejecting "the lynchpin" of Plaintiffs' argument—namely, "that transgender persons who

desire to serve in their biological sex are not really transgender"). The D.C. Circuit further emphasized that "the public interest weighs in favor of dissolving the injunction," *Doe 2*, 2019 WL 102309 at \*3, so it is clear that the public interest similarly weighs in favor of staying the erroneous preliminary injunction.

## REQUEST FOR EXPEDITED RULING

In light of the fact that DoD's DTM-19-004, issued on March 12, 2019, is set to take effect on April 12, 2019, Defendants respectfully request an expedited ruling on this motion. On March 20, 2019, Defendants will also file in the D.C. Circuit an emergency motion for clarification or, in the alternative, for a stay of the preliminary injunction pending the mandate or for issuance of the mandate forthwith. *See* Fed. R. App. P. 8(a)(2)(A).

## CONCLUSION

The Government respectfully requests that this Court stay the preliminary injunction, in its entirety, pending issuance of the D.C. Circuit's mandate and any further appellate proceedings related to Defendants' Motion to Dissolve the Preliminary Injunction. Dkt. 157.

March 20, 2019                          Respectfully submitted,

                                        JOSEPH H. HUNT
                                        Assistant Attorney General
                                        Civil Division

                                        BRETT A. SHUMATE
                                        Deputy Assistant Attorney General

                                        JOHN R. GRIFFITHS
                                        Branch Director

                                        ANTHONY J. COPPOLINO
                                        Deputy Director

*/s/ Andrew E. Carmichael*

ANDREW E. CARMICHAEL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 514-3346
Email: andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*