IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE 2 *et al.*, <br><br> Plaintiffs, <br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 17-cv-1597 (CKK) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
RENEWED MOTION TO STAY THE PRELIMINARY INUNCTION
AND REQUEST FOR EXPEDITED RULING (Dkt. 196)**

Defendants' issuance of an official directive changing the government's policy regarding transgender service members plainly violates this Court's injunction directing Defendants "to revert to the status quo with regard to accession and retention that existed before the issuance of the Presidential Memorandum." Dkt. 60 at 2. Having issued a Directive-type Memorandum (DTM)-19-004 ("DTM") on March 12 ordering the Department of Defense to "implement" the Mattis Plan——four days after it summarily informed the Court that it would do so—the government now asks this Court to issue an expedited ruling on a renewed motion to stay the preliminary injunction. The government fails to show why this Court should depart from the procedural schedule established by the Court of Appeals and belatedly ratify the government's unilateral decision to proceed in direct disregard of this Court's authority.

Fully apprised of the weighty issues in this case, the Court of Appeals has charted the timetable for its orderly resolution. On January 4, the D.C. Circuit issued a *per curiam* opinion vacating this Court's preliminary injunction but ordering the Clerk of the Court "to withhold issuance of the mandate herein until seven days after resolution of any timely petition for

1

rehearing or petition for rehearing en banc." *See Doe 2 v. Shanahan*, No. 18-5257, 2019 WL 102309, at *1 & *3 (D.C. Cir. Jan. 4, 2019). On January 22, the Supreme Court denied the Government's request to stay the injunction in this case, even though it granted parallel requests in *Karnoski*, No. 18A625 (U.S. Jan. 22, 2019), and *Stockman*, No. 18A627 (U.S. Jan. 22, 2019). Nine days later, no doubt mindful of the Supreme Court's orders, the D.C. Circuit ordered that the time for filing any petition for rehearing or petition for rehearing en banc be extended to 21 days after the issuance of the court's separate opinions. *Jane Doe 2*, No. 18-5257, Jan. 31, 2019 Order. Those opinions issued on March 8, 2019. *See Doe 2 v. Shanahan*, No. 18-5257, 2019 WL 1086495, at *1 (D.C. Cir. Mar. 8, 2019). As a result, any mandate vacating this Court's preliminary injunction will not issue before March 29, 2019.

The government's argument that the Supreme Court has issued stays of "materially indistinguishable injunctions" (at 7) and that the D.C. Circuit reversed this Court's denial of the government's motion to dissolve the preliminary injunction (at 8-9) ignores that the Court *denied* the government's request for a stay in this case. The government fails to make the case that this Court should stay an injunction before the Court of Appeals has issued its mandate. The government also fails to show that it will suffer any injury from continuing to comply with an injunction that has been in place for nearly 18 months until the mandate issues in its pending appeal, or that the balance of equities favors the government.

Defendants, having acted in disregard of this Court's authority, now request an expedited ruling that will retroactively bless their actions. This is an emergency of their own making. Defendants could have waited to issue the DTM until "seven days after resolution of any timely petition for rehearing or petition for rehearing en banc," as the appellate rules and the Court of Appeals' decisions provide. They deliberately chose not to do so. The government is not

entitled to the extraordinary relief it seeks, and the injunction ought to remain in place to preserve the status quo and protect Plaintiffs' constitutional rights, as the Federal Rules of Appellate Procedure provide and as the Court of Appeals panel ordered, allowing Plaintiffs to pursue rehearing or rehearing en banc.  The government also cannot show that the public interest is served by changing the status quo prior to the resolution of that process.

      Accordingly, the Court should deny Defendants' motion to stay the injunction.

March 21, 2019

Matthew E. Miller (*pro hac vice*)
Kathleen M. Brill (*pro hac vice*)
Michael Licker (*pro hac vice*)
Rachel C. Hutchinson (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone: 617-832-1000
Fax: 617-832-7000

Theresa M. Roosevelt (D.C. Bar No. 1021853)
FOLEY HOAG LLP
1717 K Street NW
Washington, DC 20006
Telephone: 202-223-1200
Fax: 202-785-6687

Jennifer Levi (*pro hac vice*)
Mary L. Bonauto (*pro hac vice*)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont St., Ste. 950
Boston, Massachusetts 02108
Telephone: 617-426-1350
Fax: 617-426-3594

Shannon P. Minter (*pro hac vice*)
Amy Whelan (*pro hac vice*)
Chris Stoll (*pro hac vice*)
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market St., Ste. 370
San Francisco, California 94102
Telephone: 415-392-6257
Fax: 415-392-8442

Respectfully submitted,

/s/  Paul R.Q. Wolfson
Paul R.Q. Wolfson (D.C. Bar No. 414759)
Kevin M. Lamb (D.C. Bar No. 1030783)
WILMER CUTLER PICKERING
    HALE & DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Telephone: 202-663-6000
Fax: 202-663-6363

Alan E. Schoenfeld (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE & DORR LLP
7 World Trade Center
250 Greenwich St.
New York, New York 10007
Telephone: 212-230-8800
Fax: 212-230-8888

Adam M. Cambier (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE & DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: 617-526-6000
Fax: 617-526-5000

*Attorneys for Plaintiffs*