IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE 2, *et al.*,<br><br>　　Plaintiffs,<br><br>v.<br><br>PATRICK SHANAHAN, in his official capacity as acting Secretary of Defense, *et al.*,<br><br>　　Defendants. | Case 1:17-cv-01597-CKK |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RENEWED
MOTION TO STAY THE PRELIMINARY INJUNCTION
AND REQUEST FOR EXPEDITED RULING**

The arguments in Plaintiffs' Opposition to Defendants' Renewed Motion to Stay the Preliminary Injunction and Request for Expedited Ruling are meritless. First, Plaintiffs acknowledge that the Supreme Court has issued stays of materially indistinguishable injunctions in two related cases, *Trump v. Karnoski*, No. 18A625 (U.S. Jan. 22, 2019), and *Trump v. Stockman*, No. 18A627 (U.S. Jan. 22, 2019), but note that the Chief Justice denied the Government's motion to stay the injunction in this case. Pls.' Opp. 2, Dkt. 197; *see also* Plfs.' Resp. to Defs.' Notice 1 n.1, Dkt. 191. The Chief Justice's denial of the Government's stay motion without comment and without even referring the motion to the full Court only supports the Government's position. Because the D.C. Circuit's judgment had already vacated the preliminary injunction, there was no need for the Supreme Court to grant further relief, particularly given that the D.C. Circuit itself had denied the Government's request for a stay as moot. *See* Defs.' Reply in Support of Their Notice 3-4, Dkt. 193. Plaintiffs never explain why the Government is somehow in a *worse* position for having prevailed before the D.C. Circuit.

Next, Plaintiffs argue that the Government has failed to show that it will suffer irreparable injury or that the balance of equities favors the Government. *See* Pls.' Opp. 2, 3. However, the Supreme Court necessarily considered the injury to the Government, the Plaintiffs, and the public interest in granting the Government's stay motions in *Karnoski*, No. 18A625 (U.S. Jan. 22, 2019), and *Stockman*, No. 18A627 (U.S. Jan. 22, 2019). *See San Diegans for the Mt. Soledad Nat'l War Mem'l v. Paulson*, 548 U.S. 1301, 1302 (2006) (Kennedy, J., in chambers) (recognizing that the Supreme Court considers the balance of the equities when considering whether to grant a stay); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (traditional stay factors). There is no difference here, as the district court in *Stone v. Trump*, No 17-cv-2459 (D. Md. Mar. 7, 2019), Dkt. 249, recognized in staying the preliminary injunction in that case in light of the Supreme Court's stays in *Karnoski* and *Stockman*.

Finally, Plaintiffs do not meaningfully engage with the four factors of the stay analysis, *see Nken v. Holder*, 556 U.S. 418, 434 (2009), but rather take issue with the timing of Defendants' stay motion. Because the Department of Defense's ("DoD's") new policy has not yet gone into effect and the military continues to maintain the Carter policy, the timing of Defendants' stay motion is proper.[1] And Plaintiffs do not even attempt to distinguish the *Stone* court's decision to stay the preliminary injunction in that case in its entirety based on the Supreme Court's stays in *Karnoski* and *Stockman*. *Stone*, No 17-cv-2459, Dkt. 249.

For these reasons, the Court should reject Plaintiffs' arguments. The Government

---

[1] Defendants respectfully maintain that the issuance of DoD's Directive-type Memorandum (DTM)-19-004 ("DTM") on March 12, 2019 has not altered "the *status quo* with regard to accession and retention that existed before the issuance of the Presidential Memorandum" because it does not take effect until April 12, 2019. Order, Nov. 27, 2017, Dkt. 70. As ordered by the Court, Defendants continue to comply with the "retention and accession policies established in the June 30, 2016 Directive-type Memorandum as modified by Secretary of Defense James Mattis on June 30, 2017." *Id.* Accordingly, the mere announcement of the DTM does not violate this Court's injunction.

respectfully requests that this Court stay the preliminary injunction in its entirety pending issuance of the D.C. Circuit's mandate and any further appellate proceedings. In light of the fact that DoD's DTM-19-004, issued on March 12, 2019, is set to take effect on April 12, 2019, Defendants respectfully request an expedited ruling on this motion.

March 22, 2019                                     Respectfully submitted,

                                                   JOSEPH H. HUNT
                                                   Assistant Attorney General
                                                   Civil Division

                                                   BRETT A. SHUMATE
                                                   Deputy Assistant Attorney General

                                                   JOHN R. GRIFFITHS
                                                   Branch Director

                                                   ANTHONY J. COPPOLINO
                                                   Deputy Director


                                                    /s/ Andrew E. Carmichael
                                                   ANDREW E. CARMICHAEL
                                                   Trial Attorney
                                                   United States Department of Justice
                                                   Civil Division, Federal Programs Branch
                                                   Tel: (202) 514-3346
                                                   Email: andrew.e.carmichael@usdoj.gov

                                                   *Counsel for Defendants*