IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JANE DOE 2, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>MARK T. ESPER, in his official capacity as Secretary of Defense, *et al.*,<br><br>　　　　　　　　　Defendants. | Civil Action No. 17-cv-1597 (CKK) |

**PARTIES' JOINT STATUS REPORT IN RESPONSE TO
JUNE 25, 2020 MINUTE ORDER**

The parties submitted a Joint Status Report to the Court on June 24, 2020 (Dkt. No. 243), noting that they had tentatively scheduled some fact depositions, but due to travel restrictions because of COVID-19, they were not sure whether the scheduled depositions would take place. Accordingly, the parties asked to update the Court again by July 30, 2020. (*Id*.) In the resulting June 25, 2020 Minute Order, this Court directed the parties to "file another Joint Status Report on July 30, 2020, updating the Court on the status of discovery and setting a schedule for the completion of fact depositions and fact discovery." *See* Min. Order (June 25, 2020 at 10:10 AM).

**PLAINTIFFS' POSITION**

Plaintiffs write to update the Court on developments since the June 2020 Joint Status Report, and to respond to the government's position with respect to depositions and the schedule going forward. Defendants served a supplemental document production consisting of 98 documents on July 2, 2020. The parties are coordinating with counsel for the plaintiffs in the three related litigations—*Karnoski v. Trump*, No. 17-cv-01297-MJP (W.D. Wash.) (hereinafter, "*Karnoski*"), *Stockman v. Esper*, No. 17-cv-01799-JGB-KK (C.D. Cal.), and *Stone v. Trump*, No.

17-cv-02459-GLR (D. Md.)—to maximize efficiency of discovery and to avoid multiple depositions of the same fact and expert witnesses, as Defendants previously insisted. As a result, the parties were able to successfully complete the remote depositions of several fact and expert witnesses during June. However, counsel for Defendants are subject to travel and teleworking restrictions that prohibited in-person depositions from taking place in July. Because Plaintiffs have indicated that they generally plan to depose fact witnesses in-person, and will provide videoconferencing to minimize the number of attendees present at any given deposition because of ongoing COVID-19 concerns, the depositions of several witnesses have been adjourned until later in the discovery period in order to maximize the likelihood that their depositions can proceed in-person.

In order to keep this case moving forward, Plaintiffs proposed proceeding with additional remote depositions in late July and August. Specifically, Plaintiffs plan to remotely depose two witnesses (Mr. Lernes Hebert and Ms. Martie Soper) as to whom Defendants have articulated a specific personal health reason for why each cannot be deposed in-person at this time. In addition, on July 31, 2020, Plaintiffs will depose Dr. Jillian Shipherd, a third party fact witness who testified before the Panel of Experts and who is now a Clinical Research Psychologist with the Department of Veterans Affairs. On August 7, 2020, Defendants will depose Dr. Jody Herman, who has been designated as an expert by the plaintiff-intervenor States of California and Washington in the *Stockman* and *Karnoski* litigations, respectively. Each of these depositions will be conducted remotely via videoconference.

With respect to the remaining fact depositions, as Plaintiffs have consistently maintained, Plaintiffs seek to schedule these depositions for dates when they can occur in-person. As Defendants acknowledge, the remote depositions taken thus far are not a fair or adequate

2

alternative to in-person depositions, particularly given the unique circumstances of these four coordinated litigations. Each deposition requires the participation and coordination of four separate groups of plaintiffs' counsel, which is much more difficult to do remotely. The seniority of many of these government witnesses will require sustained examination to uncover the facts that is also more difficult and less effective when completed remotely. And these depositions will involve a large number of lengthy and complex documents, which, as demonstrated by the remote depositions conducted thus far, reviewing and discussing such documents takes much longer and is much more challenging to accomplish remotely, when the examiner and witness are not in the same room looking at the same physical document. Finally, technical challenges such as interrupted video, audio, and related problems have wasted time in each of the depositions taken remotely thus far. For all of these reasons, the remaining, unscheduled fact depositions should proceed in-person, with appropriate limitations on attendance and social distancing as Plaintiffs propose. Defendants should not be able to use COVID-19 as an excuse to force Plaintiffs to take key depositions remotely.

Further, Plaintiffs have notified Defendants that they plan to depose Secretary of Veterans Affairs Robert Wilkie, former Secretary of Defense James Mattis, and former Vice Chief of Naval Operations William Moran. Plaintiffs in the related cases are also seeking the deposition of the former Vice Chairman of the Joint Chiefs of Staff General Paul Selva. After meeting and conferring with Defendants, plaintiffs in *Karnoski* served Federal Rule of Civil Procedure 45 subpoenas on each of the four witness named above. *See* Joint Stip., at 2, *Karnoski*, ECF No. 552. Defendants moved to quash these subpoenas issued in the Eastern District of Virginia (as to Secretary Mattis, Secretary Wilkie, and General Selva) and the Middle District of North Carolina (as to Admiral Moran), and plaintiffs in *Karnoski* have moved to transfer those motions to the

3

Western District of Washington. *Id*. All of those motions are now fully briefed. The motions regarding Secretary Mattis, Secretary Willkie and General Selva have all been transferred to the Western District of Washington, and the motion regarding Admiral Moran remains pending before Magistrate Judge Peake in the Middle District of North Carolina.[1]

Plaintiffs believe it is important for the Court to be aware of developments in the related *Karnoski* litigation. Judge Pechman recently ordered the government to produce documents that had been reviewed *in camera* and were determined not to fall within the scope of the deliberative process privilege. Judge Pechman also ordered the government to produce documents withheld solely pursuant to a deliberative process privilege claim that fall outside of the date ranges July 13, 2015 to June 30, 2016, as to the Carter policy, and September 14, 2017 to January 11, 2018, as to the Mattis policy. Order on Defs' Deliberative Process Privilege Claims, at 2, *Karnoski*, ECF No. 545. The government filed a motion to stay compliance with Judge Pechman's July 15 Order (Defs' Mot. to Stay, *Karnoski*, ECF No. 547), which Judge Pechman held in abeyance to allow the plaintiffs in *Karnoski* to file a response to the government's motion to stay. Order re: July 21 Status Conf., at 1, *Karnoski*, ECF No. 550. Judge Pechman further declined the government's request to set a discovery end date in *Karnoski* and ordered that "Plaintiffs may wait to take depositions until after Defendants have produced documents in line with the Court's rulings and relevant to the particular witness being deposed." *Id.* at 4. Accordingly, the plaintiffs in *Karnoski* have adjourned several previously scheduled fact depositions, pending the outcome of this motion practice.

---

[1] The government asserts that Plaintiffs have not issued subpoenas for the depositions of Secretary Wilkie, Secretary Mattis, General Selva, and Admiral Moran. That is correct, because the government requested—and Plaintiffs agreed—that the government's motions to quash be filed once, in the *Karnoski* litigation, rather than simultaneously in each of the four cases.

However, during a July 27, 2020 meet and confer with the undersigned Plaintiffs' counsel, Defendants indicated that they are willing to change their prior position and produce the same witnesses for more than one deposition, given the ongoing discovery disputes in the *Karnoski* litigation. Plaintiffs expected that this would enable depositions to continue in the case at bar. However, on July 29, 2020, Defendants changed course and provided the "two paths" suggested in the government's submission below. There is no basis for the "either / or" choice Defendants seek to impose here.

Because counsel are still working remotely and subject to travel and teleworking restrictions due to COVID-19, Plaintiffs' position is that the parties are not in a position to set a deadline for the completion of fact depositions at this time. Indeed, the government demands that Plaintiffs coordinate with the plaintiffs in *Karnoski*, *Stockman*, and *Stone* to depose its witnesses only once, but knows that depositions cannot proceed in *Karnoski* until the government's latest stay motion is resolved. The government cannot have it both ways. Plaintiffs are willing to take some depositions remotely to keep this case moving forward, while waiting to take other depositions in-person later. This is a reasonable and practical way to proceed. Plaintiffs respectfully request an order to file Joint Status Report on September 3, 2020, updating the Court on the status of discovery and setting a schedule for the completion of fact depositions and fact discovery. Plaintiffs are available for a teleconference with the Court to discuss these issues further as the Court deems appropriate.

## DEFENDANTS' POSITION

Plaintiffs' position is essentially that the resolution of this case should be tied to Plaintiffs' ability to take depositions in person, rather than remotely via videoconference, and to the resolution of motions to quash third party subpoenas in *Karnoski*. Since the parties filed their joint

status report in June, Plaintiffs have declined to move forward with depositions remotely, except where witnesses or their families possess unique health concerns. For example, the parties found a mutually agreeable date for the deposition of Dr. Terry Adirim on July 17, but Plaintiffs declined to proceed with that deposition unless it took place in person.

Plaintiffs' position on waiting to take depositions until they can be taken in person could result in a significant delay of the resolution of this case. The current pandemic appears to be only getting worse, with numerous serious ongoing outbreaks across the country. Although Plaintiffs have suggested mitigation measures such as the use of masks during depositions and limiting participants to two attorneys, the witness, and the court reporter, it appears from public health guidance that extended contact in a confined indoor space (such as a deposition room) is one of the activities most likely to foster the spread of COVID-19. Plaintiffs in this and the related cases have also represented that at least some of their attorneys would have to travel from out of state to attend in-person depositions, which plainly increases the risk to those present in the deposition room. In addition, Government counsel currently are not permitted to participate in in-person depositions. The Civil Division of the Department of Justice ("DOJ") entered Phase 1 for the National Capital Region on July 13, 2020. Under Phase 1, DOJ encourages extensive telework for its employees, with individual decisions left up to its components. The directors of the Federal Programs Branch (the DOJ component representing Defendants in this action) have determined that its attorneys are not permitted to participate in in-person depositions to protect the health of the attorneys and their families. At this time, Government counsel are unable to estimate when they would be permitted to participate again in in-person depositions.

On the other hand, the parties have already engaged in several remote depositions, which have worked well, and, more importantly, ensured that the attorneys, witnesses, and court reporters

6

were not needlessly exposed to COVID-19. During the parties' discussions, Plaintiffs contended that proceeding with these remote depositions has made it difficult for counsel for the related cases to coordinate during depositions. But this concern would not be alleviated by, as Plaintiffs have suggested, taking depositions in person but having only one attorney for Plaintiffs in the deposition room and attorneys for related cases participating remotely. In any event, Defendants have offered that, if counsel in this and the related cases all wish to be in the same room during depositions, they could assemble together in one room at one of their law offices and remotely join depositions together. This would permit them to coordinate in real time during a remote deposition without potentially exposing the witness, Government counsel, or the court reporter to increased risk. Alternatively, Defendants have proposed other ways to alleviate Plaintiffs' expressed concern about coordination, such as by taking longer breaks during the deposition or splitting depositions over two days.

The Government is sensitive to the fact that the current pandemic presents unique challenges to litigants and their counsel, and that, in normal circumstances, in-person depositions may be preferable to proceeding remotely. However, the pandemic should not be used as an excuse for Plaintiffs to delay depositions in this case, when proceeding remotely is an available alternative.

Plaintiffs' position that further proceedings in this case should be tied to the resolution of the motions to quash third party subpoenas in *Karnoski* is also untenable. Plaintiffs did not issue subpoenas for the depositions of Secretary of Veterans Affairs Robert Wilkie, Jr., former Secretary of Defense James N. Mattis, or Admiral Moran. And other discovery disputes in *Karnoski* do not provide a basis to delay proceedings in this case, as Plaintiffs either never raised those disputes in this case or this Court has already resolved similar disputes. *See, e.g.*, Mem. Op. & Order at 2,

Dkt. No. 237 (finding that "[o]n the current record, Plaintiffs have not established a sufficient connection between the development of the Mattis Plan and the earlier delay of the Carter Policy, the President's 2017 tweet, and the 2017 Presidential Memorandum to justify further discovery into those earlier events" and "conclud[ing] that the relevant time-period for discovery is the development of the Mattis Plan"). Waiting for the resolution of the various discovery disputes in *Karnoski* could delay resolution of this case by months, or even years.

Given these concerns, Defendants believe that this case should follow one of two paths:

1) The parties proceed with all depositions remotely, with an end of discovery set for October 30, 2020, followed by summary judgment briefing.

2) The case is stayed for a period of time until all parties agree it is safe to conduct in-person depositions. If one party believes it is safe to proceed with depositions in person, the parties would meet and confer on the issue, and, with the parties' agreement, the parties would go forward with in person depositions at that time. The parties would file another joint status report in 120 days to update the Court as to whether any in-person depositions have taken place and, if not, the parties' positions on taking in-person depositions at that time.

Defendants maintain that regardless of the path this case takes, to promote efficiency and minimize burden, the parties in all of the cases should continue to coordinate to ensure that witnesses are only deposed once.[2] Defendants have deposed Plaintiffs' expert witnesses once even

---

[2] Plaintiffs allege that Defendants changed their position on whether Government witnesses should be deposed more than once. Not so. Defendants' position as expressed at the meet and confer is that if Plaintiffs wanted to move their case to resolution now with remote depositions, the Government would not insist on delaying the case based on document disputes in Karnoski (or Stone) that this Court has already resolved. Defendants later clarified that Defendants likely would move for a protective order in any of the other three cases if those plaintiffs choose not to participate in a deposition conducted by the Doe Plaintiffs and attempt to depose those same individuals again.

8

though all four sets of plaintiffs are using many of the same experts, and Defendants intend to continue that practice. Plaintiffs should also continue to depose Government witnesses once, as these individuals are senior officials who should not be subjected to the heavy burden of preparing and sitting for multiple depositions.

Defendants respectfully request that the Court schedule a status conference the week of August 10 or later[3] to discuss further proceedings in this case, and, in particular, whether the parties should proceed with depositions remotely.

July 30, 2020

Jennifer Levi (*pro hac vice*)
Mary L. Bonauto (*pro hac vice*)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont Street, Suite 950
Boston, Massachusetts 02108
Tel: 617-426-1350
Fax: 617-426-3594

Shannon P. Minter (*pro hac vice*)
Amy Whelan (*pro hac vice*)
Chris Stoll (*pro hac vice*)
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
Tel: 415-392-6257
Fax: 415-392-8442

Matthew E. Miller (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, Massachusetts 02210
Tel: 617-832-1000
Fax: 617-832-7000

*Attorneys for Plaintiffs*

Respectfully Submitted,

/s/ Thomas E. Redburn, Jr.
Thomas E. Redburn, Jr.
Jennifer Fiorica Delgado
Maya Ginsburg
Meg Slachetka
LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas
New York, New York 10020
Tel: 212-262-6700
Fax: 212-262-7402

Adam G. Unikowsky (DC Bar No. 989053)
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
Tel: 202-639-6041
Fax: 202-639-6066

---

[3] Lead counsel for Defendants is on military leave for Navy Reserves duty through August 7, 2020.

David MORRELL
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

ALEXANDER K. HAAS
Branch Director

ANTHONY J. COPPOLINO
Deputy Director

<u>/s/ Courtney D. Enlow</u>
Trial Attorney
ANDREW E. CARMICHAEL
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
Telephone: (202) 514-3346
Email: andrew.e.carmichael@usdoj.gov

*Attorneys for Defendants*