**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JANE DOE 2, *et al.*,              ) | |
|                                    ) | Civil Action No. 17-cv-1597 (CKK) |
|                  Plaintiffs,       ) | |
| v.                                 ) | |
|                                    ) | |
| MARK T. ESPER, in his official capacity as ) | |
| Secretary of Defense, *et al.*,    ) | |
|                                    ) | |
|                  Defendants.       ) | |

**PARTIES' JOINT STATUS REPORT IN RESPONSE TO**
**JULY 31, 2020 MINUTE ORDER**

The parties submitted a Joint Status Report to the Court on July 30, 2020 (Dkt. No. 246), requesting the Court's guidance on deposition procedure given ongoing complications caused by COVID-19. In the resulting July 31, 2020 Minute Order, this Court ordered "that the parties shall proceed with the remote depositions which both parties agree may be adequately taken remotely. At this time, the Court shall not order Plaintiffs to take depositions remotely which they prefer to take in person." *See* Min. Order (July 31, 2020 at 07:04 PM). This Court also declined to set a deadline for the close of fact discovery, and ordered the parties to "file another Joint Status Report on September 3, 2020, updating the Court on the status of discovery and setting a schedule for the completion of fact depositions and fact discovery." *Id.*

Defendants served a supplemental document production consisting of 160 documents on August 7, 2020, and another supplemental production consisting of 936 documents on August 28, 2020.[1] The parties are coordinating with counsel for the plaintiffs in the three related litigations—

---

[1] Defendants note that the documents in these supplemental productions were produced in response to discovery orders or requests in the related litigation *Karnoski v. Trump*, 17-cv-01297-MJP (W. D. Wash.).

*Karnoski v. Trump*, No. 17-cv-01297-MJP (W.D. Wash.) (hereinafter, "*Karnoski*"), *Stockman v. Esper*, No. 17-cv-01799-JGB-KK (C.D. Cal.), and *Stone v. Trump*, No. 17-cv-02459-GLR (D. Md.)—to maximize efficiency of discovery and to avoid multiple depositions of the same fact and expert witnesses, at Defendants' request. As a result, the parties were able to successfully complete the remote depositions of several fact and expert witnesses during July and August. However, counsel for Defendants are subject to travel and teleworking restrictions that prohibited in-person depositions from taking place in July or August. Because Plaintiffs plan to depose fact witnesses in-person, and will provide videoconferencing to minimize the number of attendees present at any given deposition because of ongoing COVID-19 concerns, the depositions of several witnesses have been adjourned until later in the discovery period in order to maximize the likelihood that their depositions can proceed in-person.

Plaintiffs plan to remotely depose two witnesses (Mr. Lernes Hebert and Ms. Martie Soper) as to whom Defendants have articulated a specific personal health reason for why each cannot be deposed in-person at this time. Thus, each of these depositions will be conducted remotely via videoconference. The parties were unable to agree on August dates for these two depositions, but are discussing whether they may be scheduled in September.

Further, Plaintiffs have notified Defendants that they plan to depose Secretary of Veterans Affairs Robert Wilkie, former Secretary of Defense James Mattis, and former Vice Chief of Naval Operations William Moran. Plaintiffs in the related cases are also seeking the deposition of the former Vice Chairman of the Joint Chiefs of Staff General Paul Selva. After meeting and conferring with Defendants, plaintiffs in *Karnoski* served Federal Rule of Civil Procedure 45 subpoenas on each of the four witness named above. *See* Joint Stip., at 2, *Karnoski*, Dkt. No. 552. Defendants moved to quash these subpoenas issued in the Eastern District of Virginia (as to

Secretary Mattis, Secretary Wilkie, and General Selva) and the Middle District of North Carolina (as to Admiral Moran), and plaintiffs in *Karnoski* have moved to transfer those motions to the Western District of Washington. *Id.* All of those motions to quash were subsequently transferred to the Western District of Washington. Yesterday, Judge Pechman issued an order denying all four motions to quash. *See* Order, *Karnoski*, Dkt. No. 596. [2]

Plaintiffs note as a courtesy to the Court that they intend to raise a discovery dispute concerning Defendants' documents still withheld on the basis of the deliberative process privilege that relate to the development of the Mattis Plan, including the justifications stated for it, that were created in the time period after the initial report and recommendation of the Panel of Experts, but before the finalization of the Mattis Report and issuance of the associated policy. The Court previously advised the parties that Plaintiffs could renew their request for these documents, stating: "I'm not foreclosing any of this. I'm just looking at all the records and saying it isn't going to happen based on the grounds that I have at least at this point." Jan. 14, 2020 Hrg. Trans. 34:7-10. Because Plaintiffs intend to refer to confidential documents produced in discovery in raising this issue, they intend to make a submission to the Court via email after meeting and conferring with Defendants pursuant to the Court's Scheduling and Procedures Order (Dkt. No. 71).

Defendants note that Plaintiffs first raised their intention to revisit their motion to compel deliberative documents that this Court seemingly resolved approximately eight months ago on September 1, 2020. *See, e.g.,* January 14, 2020 Hr'g Tr. 20:1–5; 28:8–9. Accordingly, the parties have not yet meet and conferred on this issue. However, as far as Plaintiffs intend to reopen discovery disputes that this Court has previously resolved, they should first seek permission from

---

[2] Defendants are presently considering their appellate options in regards to the recent *Karnoski* Order.

the Court, and if this Court permits that dispute to be reopened, it should be resolved through regular motions practice.

Because counsel are still working remotely and subject to travel and teleworking restrictions due to COVID-19, the parties are not in a position to set a deadline for the completion of fact depositions at this time. The parties respectfully request an order to file Joint Status Report on October 16, 2020, updating the Court on the status of discovery and setting a schedule for the completion of fact depositions and fact discovery.

September 3, 2020

Respectfully Submitted,

Jennifer Levi (*pro hac vice*)
Mary L. Bonauto (*pro hac vice*)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont Street, Suite 950
Boston, Massachusetts 02108
Tel: 617-426-1350
Fax: 617-426-3594

Shannon P. Minter (*pro hac vice*)
Amy Whelan (*pro hac vice*)
Chris Stoll (*pro hac vice*)
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
Tel: 415-392-6257
Fax: 415-392-8442

Matthew E. Miller (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, Massachusetts 02210
Tel: 617-832-1000
Fax: 617-832-7000

*Attorneys for Plaintiffs*

/s/ Thomas E. Redburn, Jr.
Thomas E. Redburn, Jr.
Jennifer Fiorica Delgado
Meg Slachetka
Maya Ginsburg
LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas
New York, New York 10020
Tel: 212-262-6700
Fax: 212-262-7402

Adam G. Unikowsky (DC Bar No. 989053)
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
Tel: 202-639-6041
Fax: 202-639-6066

DAVID MORRELL
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

ALEXANDER K. HAAS
Branch Director

ANTHONY J. COPPOLINO
Deputy Director

/s/ Andrew E. Carmichael
ANDREW E. CARMICHAEL
Senior Trial Counsel
COURTNEY D. ENLOW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Telephone: (202) 514-3346
Email: andrew.e.carmichael@usdoj.gov

*Attorneys for Defendants*