IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JANE DOE 2, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MARK T. ESPER, in his official capacity as Secretary of Defense, *et al.*, <br><br> Defendants. | Civil Action No. 17-cv-1597 (CKK) |

**PARTIES' JOINT STATUS REPORT IN RESPONSE TO
SEPTEMBER 4, 2020 MINUTE ORDER**

The parties submitted a Joint Status Report to the Court on September 3, 2020 (Dkt. No. 248), updating the Court on the status of discovery. In the resulting September 4, 2020 Minute Order, this Court ordered the parties to "file another Joint Status Report on October 16, 2020, updating the Court on the status of discovery and setting a schedule for the completion of fact depositions and fact discovery." *See* Min. Order (Sept. 4, 2020 at 05:46 PM).

Defendants served a supplemental document production consisting of 2,656 documents on September 8, 2020, a supplemental production consisting of 13 documents on September 21, 2020, a supplemental production consisting of 53 documents on October 5, 2020, a supplemental production consisting of 2,096 documents on October 7, 2020, and another supplemental production consisting of 161 documents on October 9, 2020.[1] The parties are coordinating with counsel for the plaintiffs in the three related litigations—*Karnoski v. Trump*, No. 17-cv-01297-MJP (W.D. Wash.) (hereinafter, "*Karnoski*"), *Stockman v. Esper*, No. 17-cv-01799-JGB-KK (C.D.

---

[1] Defendants note that the documents in these supplemental productions were produced in response to discovery orders or requests in the related litigation *Karnoski v. Trump*, 17-cv-01297-MJP (W. D. Wash.).

Cal.), and *Stone v. Trump*, No. 17-cv-02459-GLR (D. Md.)—to maximize efficiency of discovery and to avoid multiple depositions of the same fact and expert witnesses, at Defendants' request. As a result, the parties were able to successfully complete the remote depositions of several fact and expert witnesses during July and August. However, counsel for Defendants are subject to travel and teleworking restrictions that prohibited in-person depositions from taking place in July, August or September. Because Plaintiffs plan to depose fact witnesses in-person, and will provide videoconferencing to minimize the number of attendees present at any given deposition because of ongoing COVID-19 concerns, the depositions of several witnesses have been adjourned until later in the discovery period in order to maximize the likelihood that their depositions can proceed in-person.

Plaintiffs plan to remotely depose two witnesses (Mr. Lernes Hebert and Ms. Martha Soper) as to whom Defendants have articulated a specific personal health reason for why each cannot be deposed in-person at this time. Thus, each of these depositions would have to be conducted remotely via videoconference. Because Plaintiffs in this litigation have previously deposed Ms. Soper, Defendants have objected to producing her for a second deposition unless counsel in the three related cases participate in that deposition. Given that Judge Pechman has directed the parties in *Karnoski* not to proceed with depositions in that case until the ongoing document discovery disputes are resolved, Ms. Soper's deposition has not yet been scheduled. The parties are discussing whether Mr. Hebert's deposition should be scheduled in light of ongoing document discovery.

Further, Plaintiffs have notified Defendants that they plan to depose Secretary of Veterans Affairs Robert Wilkie, former Secretary of Defense James Mattis, and former Vice Chief of Naval Operations William Moran. Plaintiffs in the related cases are also seeking the deposition of the

2

former Vice Chairman of the Joint Chiefs of Staff General Paul Selva. After meeting and conferring with Defendants, plaintiffs in *Karnoski* served Federal Rule of Civil Procedure 45 subpoenas on each of the four witness named above. *See* Joint Stip., at 2, *Karnoski*, Dkt. No. 552. Defendants moved to quash these subpoenas issued in the Eastern District of Virginia (as to Secretary Mattis, Secretary Wilkie, and General Selva) and the Middle District of North Carolina (as to Admiral Moran), and plaintiffs in *Karnoski* moved to transfer those motions to the Western District of Washington. *Id.* All of those motions to quash were subsequently transferred to the Western District of Washington, and the district court issued an order denying all four motions. *See* Order, *Karnoski*, Dkt. No. 596. In response to this order, the *Karnoski* defendants subsequently filed their third petition for a writ of mandamus with the Ninth Circuit, seeking reversal of the district court's order on the motions to quash as well as an order ending discovery in that litigation. *See* Petition for a Writ of Mandamus to the U.S. District Court for the Western District of Washington and Motion for Stay Pending This Petition and the Petition in No. 20-70365, *In re Trump*, (No. 20-72793), Sept. 18, 2020 (9th Cir.). Briefing was completed on the petition on October 13, 2020, and the Ninth Circuit heard oral argument on that issue, as well as on the *Karnoski* defendants' second petition for a writ of mandamus with the Ninth Circuit (No. 20-70365) on October 14, 2020.

In the parties' September 3rd Joint Status Report (Dkt. No. 248), Plaintiffs indicated their intention to raise a discovery dispute concerning Defendants' documents withheld on the basis of the deliberative process privilege. In response, Defendants noted that the parties had not yet met and conferred and tried to resolve the issue without judicial intervention. In the September 4th Minute Order, the Court ordered that "[i]f the parties are unable to resolve their dispute, they shall email the Court through chambers email with the a short explanation of the dispute pursuant to the

Court's [71] Scheduling and Procedures Order." *See* Min. Order (Sept. 4, 2020 at 05:46 PM). The parties are continuing to meet and confer about the dispute and, if they are unable to reach agreement, will raise it to the Court as ordered.

Because counsel are still working remotely and subject to travel and teleworking restrictions due to COVID-19, the parties are not in a position to set a deadline for the completion of fact depositions at this time. The parties respectfully request an order to file Joint Status Report on December 3, 2020, updating the Court on the status of discovery and setting a schedule for the completion of fact depositions and fact discovery.

Dated: October 16, 2020

Jennifer Levi (*pro hac vice*)
Mary L. Bonauto (*pro hac vice*)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont Street, Suite 950
Boston, Massachusetts 02108
Tel: 617-426-1350
Fax: 617-426-3594

Shannon P. Minter (*pro hac vice*)
Amy Whelan (*pro hac vice*)
Chris Stoll (*pro hac vice*)
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
Tel: 415-392-6257
Fax: 415-392-8442

Matthew E. Miller (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, Massachusetts 02210
Tel: 617-832-1000
Fax: 617-832-7000

*Attorneys for Plaintiffs*

Respectfully Submitted,

/s/ Meg Slachetka_____
Meg Slachetka
Thomas E. Redburn, Jr.
Jennifer Fiorica Delgado
Maya Ginsburg
LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas
New York, New York 10020
Tel: 212-262-6700
Fax: 212-262-7402

Adam G. Unikowsky (DC Bar No. 989053)
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
Tel: 202-639-6041
Fax: 202-639-6066

JOHN COGHLAN
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

ANTHONY J. COPPOLINO
Deputy Director

/s/ Andrew E. Carmichael
ANDREW E. CARMICHAEL
Senior Trial Counsel
COURTNEY D. ENLOW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Telephone: (202) 514-3346
Email: andrew.e.carmichael@usdoj.gov

*Attorneys for Defendants*